NEW YORK & PRESBYTERIAN HOSPITAL, as Assignee of YAAKOV ELMAN, et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent. [819 NYS2d 268]—

In an action to recover no-fault medical payments, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (McCarty III, J.), dated February 18, 2005, as denied that branch of their motion which was for summary judgment on the second cause of action, granted that branch of the defendant's cross motion which was for summary judgment dismissing the third cause of action, and, upon granting that branch of their motion which was for summary judgment on the fourth cause of action, awarded interest only until the date of the determination and provided that the fourth cause of action "shall not bear interest until entry of the judgment disposing of the action."

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment on the second cause of action and substituting therefor a provision granting that branch of the motion, and (2) deleting the provisions thereof which, upon granting that branch of the plaintiffs' motion which was for summary judgment on the fourth cause of action, awarded interest only until the date of the Supreme Court's de-

termination, and provided that the fourth cause of action shall not bear interest until entry of the judgment disposing of the action, and substituting therefor a provision awarding interest on the fourth cause of action for the period commencing 30 days after each claim was presented to the defendant until the date the claim was paid; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

Pursuant to Insurance Law § 5106 (a) and 11 NYCRR 65-3.5, insurers are required either to pay or deny a claim for no-fault automobile insurance benefits within 30 days from the date the applicant supplies proof of claim (see *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 278 [1997]). Failure to comply with the 30-day limit results in the claim becoming overdue, which could result in the waiver of the insurer's defenses (*id.*). The one exception to this rule is if the insurer requests medical verification (see *Presbyterian Hosp. in City of N.Y. v Aetna Cas. & Sur. Co.*, 233 AD2d 431, 432 [1996]).

The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the third cause of action. The defendant established its prima facie entitlement to judgment as a matter of law on the third cause of action by submitting an affidavit of one of its claims representatives, which demonstrated that the defendant requested medical verification of the plaintiffs' claim within 30 days of receiving notice of the claim, and that it never received such verification. The plaintiffs failed to raise a triable issue of fact in opposition (see *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

However, the Supreme Court erred in denying that branch of the plaintiffs' motion which was for summary judgment on the second cause of action. The plaintiffs established their prima facie entitlement to judgment as a matter of law on the second cause of action by submitting a hospital bill with a signed certified mail receipt and by submitting the affidavit of a third-party biller, who testified that he billed the defendant for the subject medical treatment, and that "[t]he defendant failed to either pay the entire claim or to issue a Denial of Claim Form."

In opposition, the defendant produced a denial of claim form dated within 30 days from their receipt of the plaintiff's claim. However, the defendant failed to supply any evidence that this form had been timely transmitted to the plaintiff, and therefore failed to raise a triable issue of fact (see *Zuckerman v City of New York, supra*).

The Supreme Court further erred in awarding interest on the fourth cause of action only until the date of the determination, instead of the date the claim was paid. An insurer, such as the defendant, that is held liable for failure to pay no-fault insurance benefits is required to pay interest at the rate of 2% per month on the claim for "the period commencing 30 days after the claim was presented to the defendant for payment until the date the claim was or is paid" (*Hempstead Gen. Hosp. v Insurance Co. of N. Am.*, 208 AD2d 501 [1994]; *see* Insurance Law § 5106 [a]). Accordingly, the matter is remitted to the Supreme Court, Nassau County, for calculation of the interest accrued on the second and fourth causes of action for the period commencing 30 days after each claim was presented to the defendant until the date the claim was paid, and for the entry of an appropriate judgment. Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.