■ NEW YORK AND PRESBYTERIAN HOSPITAL et al., Plaintiffs, and MOUNT SINAI HOSPITAL, as Assignee of SALVATORE GIGANTE, Respondent, v TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, Appellant. [830 NYS2d 734]—

In an action to recover no-fault medical payments under contracts of insurance, the defendant appeals from a judgment of the Supreme Court, Nassau County, entered March 29, 2006, which, upon an order of the same court (Brennan, J.) dated March 13, 2006, granting the motion of the plaintiff Mount Sinai Hospital, as assignee of Salvatore Gigante, for summary judgment on the third cause of action, is in favor of that plaintiff and against it in the principal sum of $30,092.49. The defendant's notice of appeal from the order is deemed to be a notice of appeal from the judgment.

Ordered that the judgment is affirmed, with costs.

In support of its motion for summary judgment on the third cause of action, the plaintiff Mount Sinai Hospital, as assignee of Salvatore Gigante (hereinafter Mount Sinai), demonstrated its prima facie entitlement to judgment as a matter of law by

submitting, inter alia, the requisite billing forms, a certified mail receipt, a signed return receipt card which referenced the patient and forms, and an affidavit of its third-party biller (*see Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 34 AD3d 532 [2006]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 30 AD3d 492 [2006]). This evidence demonstrated that the defendant received the no-fault billing and failed to respond within the requisite 30-day period (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.5). The defendant failed to raise a triable issue of fact in opposition to the motion. Accordingly, the Supreme Court properly granted the motion of Mount Sinai for summary judgment on the third cause of action.

The defendant's remaining contention is improperly raised for the first time on appeal (*see Rotundo v S & C Magnetic Resonance Imaging*, 255 AD2d 573 [1998]) and, in any event, is without merit (*see* General Construction Law § 46; *William Iselin & Co. v Fireman's Fund Ins. Co.*, 117 AD2d 86, 90 [1986], *mod* 69 NY2d 908 [1987]). Mastro, J.P., Goldstein, Lifson and Carni, JJ., concur.