■ WESTCHESTER MEDICAL CENTER, as Assignee of DEMETRIO RECINOS, Respondent, v SAFECO INSURANCE COMPANY OF AMERICA, Appellant. [837 NYS2d 207]—

In an action to recover no-fault insurance benefits under certain contracts of insurance, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered May 17, 2006, as granted that branch of the plaintiff's cross motion which was for summary judgment on the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In support of that branch of its cross motion which was for summary judgment on the first cause of action, the plaintiff, Westchester Medical Center, as assignee of Demetrio Recinos (hereinafter WMC), demonstrated its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the requisite billing forms, a certified mail receipt, a signed return receipt card which referenced Recinos and the forms, and an affidavit of its biller stating that the defendant failed either to pay or to deny the claim (see New York & Presbyt. Hosp. v Travelers Prop. Cas. Ins. Co., 37 AD3d 683 [2007]; Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 34 AD3d 532 [2006], lv granted 8 NY3d 807 [2007]; New York & Presbyt. Hosp. v Allstate Ins. Co., 30 AD3d 492 [2006]). This evidence demonstrated that the defendant received the no-fault billing and failed to respond within the requisite 30-day period (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.5; New York & Presbyt. Hosp. v Travelers Prop. Cas. Ins. Co., supra). In opposition, the defendant failed to raise a triable issue of fact. There is no evidence that it timely objected to the completeness of the claim forms, or sought verification of Recinos's assignment. Therefore, the defendant waived any defenses based thereon, including the plaintiff's purported lack of standing to maintain the first cause of action (see Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., supra; Nyack Hosp. v Encompass Ins. Co., 23 AD3d 535 [2005]; Hospital for Joint Diseases v Allstate Ins. Co., 21 AD3d 348 [2005]). Accordingly, the Supreme Court correctly

granted that branch of the plaintiff's cross motion which was for summary judgment on the first cause of action.

The defendant's remaining contentions either are improperly raised for the first time in this Court or are without merit. Rivera, J.P., Florio, Dillon and Carni, JJ., concur.