OPINION OF THE COURT
Memorandum.
Order reversed without costs, plaintiffs motion for summary judgment granted and matter remanded to the court below for a calculation of statutory interest and an assessment of attorney’s fees.
In an action to recover first-party no-fault benefits, a provider generally establishes its prima facie entitlement to summary judgment by proof that it submitted the claim, setting forth the fact and the amount of the loss sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). Inasmuch as defendant raised no issue in the court below or on appeal with respect to plaintiff’s establishment of its prima facie case, we do not pass on the propriety of the implicit determination of the court below with respect thereto.
In opposition to plaintiffs motion for summary judgment, defendant failed to establish that its denial of claim forms were timely mailed. The affidavit submitted by defendant stated that it was the standard office practice and procedure to make a handwritten notation of the date the denial of claim form was mailed in the upper right corner of the copy of said denial of claim form which is kept in the file, and that based upon the affiant’s review of the copies of the denial of claim forms annexed to defendant’s opposing papers, the usual office practice and procedure concerning mailing was followed. As a result, the affiant was certain that the denial of claim forms were timely mailed. However, since the denial of claim forms annexed to defendant’s opposing papers do not contain a handwritten date in the upper right corner, the documentary proof annexed to defendant’s opposing papers was insufficient to give rise to a presumption that the denial of claim forms were mailed pursuant to a standard office practice or procedure (see New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547 [2006]; PDG Psychological, P.C. v Lumbermans Mut. Cas. Co., 16 Misc 3d 131[A], 2007 NY Slip Op 51343[U] [App Term, 2d & 11th Jud *12 Dists 2007]). Since defendant failed to establish that the denial of claim forms were timely mailed to plaintiff, defendant is precluded from raising the proffered defense of lack of medical necessity (see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 282 [1997]; New York & Presbyt. Hosp. v Allstate Ins. Co., 30 AD3d 492 [2006]; PDG Psychological, P.C. v Lumbermans Mut. Cas. Co., 16 Misc 3d 131[A], 2007 NY Slip Op 51343[U] [App Term, 2d & 11th dud Dists 2007], supra).
Accordingly, plaintiff’s motion for summary judgment is granted and the matter is remanded to the court below for a calculation of statutory interest and an assessment of attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.
Pesce, Ed., Rios and Helen, dd., concur.