■ NEW YORK AND PRESBYTERIAN HOSPITAL, Respondent, v SELECTIVE INSURANCE COMPANY OF AMERICA, Appellant. [842 NYS2d 63]—

In an action to recover no-fault benefits under an insurance contract, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Lally, J.), entered October 3, 2006, which granted the plaintiff's motion for summary judgment on the complaint and denied its cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered November 2, 2006, which, upon the order, is in favor of the plaintiff and against it in the principal sum of $27,532.36.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d

241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In an action to recover no-fault benefits, a plaintiff makes a prima facie showing of entitlement to judgment as a matter of law by submitting evidentiary proof that the prescribed statutory billing forms were mailed and received and that payment of no-fault benefits was overdue (*see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274 [1997]; *Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d 564 [2005]). 11 NYCRR 65-3.8 (a) provides that no-fault benefits are overdue if not paid within 30 days after the insurer receives proof of claims, which shall include verification of all of the relevant information requested pursuant to 11 NYCRR 65-3.5.

The plaintiff hospital made a prima facie showing on its summary judgment motion that it had mailed the prescribed statutory billing form and did not receive payment in 30 days. In opposition, the defendant insurer failed to raise a triable issue of fact. Specifically, the defendant failed to come forward with proof in admissible form to demonstrate " 'the fact' or the evidentiary 'found[ation for its] belief' that the patient's treated condition was unrelated to his or her automobile accident" (*Mount Sinai Hosp. v Triboro Coach*, 263 AD2d 11, 19-20 [1999], quoting *Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195, 198 [1997]). The affidavit of its medical expert was conclusory, speculative, and unsupported by the evidence. Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint.

The defendant's remaining contention is without merit. Spolzino, J.P., Skelos, Lifson and Balkin, JJ., concur.