■ New York & Presbyterian Hospital, as Assignee of Alanis Omar, Respondent, v American Transit Insurance Company, Appellant. [846 NYS2d 352]—

In an action pursuant to Insurance Law § 5106 (a) to recover no-fault benefits allegedly awarded under an insurance contract issued by the defendant, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated December 19, 2006, as, upon reargument, granted the plaintiff's motion for summary judgment on the complaint, which had been denied in a prior order of the same court dated June 20, 2006, and (2) from a judgment of the same court entered January 2, 2007, which is in favor of the plaintiff and against it in the principal sum of $86,829.36.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, so much of the order dated June 20, 2006, as, upon reargument, granted the plaintiff's motion for summary judgment on the complaint is vacated, and, upon reargument, the court adheres to its origi-

nal determination in the order dated June 20, 2006, denying the motion; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court, upon reargument, should have adhered to its original determination denying the plaintiff's motion for summary judgment. On that motion, the plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating that the necessary billing forms were mailed to and received by the defendant, and that payment of the no-fault benefits was overdue (*see New York & Presbyt. Hosp. v Selective Ins. Co. of Am.*, 43 AD3d 1019 [2007]; Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c]). However, in response, the defendant raised a triable issue of fact as to whether the benefits were overdue (*cf. A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co.*, 39 AD3d 779, 780-781 [2007]; *New York Univ. Hosp. Rusk Inst. v Government Empls. Ins. Co.*, 39 AD3d 832, 833 [2007]). The defendant provided evidence showing that the plaintiff's claim for the benefits was timely denied on the ground that the plaintiff submitted the billing forms more than 45 days after the last date of medical service (*see* 11 NYCRR 65-1.1, 65-3.3 [e]; *St. Vincent's Hosp. & Med. Ctr. v Country Wide Ins. Co.*, 24 AD3d 748, 749 [2005]; *NY Arthroscopy & Sports Medicine PLLC v Motor Veh. Acc. Indem. Corp.*, 15 Misc 3d 89, 90 [2007]).

The defendant's remaining contentions have been rendered academic in light of our determination. Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.