■ WESTCHESTER MEDICAL CENTER, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [859 NYS2d 567]—

In an action to recover no fault benefits under an insurance contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated September 12, 2007, as granted the plaintiff's motion for summary judgment on the first cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the first cause of action is denied.

The plaintiff made a prima facie showing of entitlement to summary judgment on the first cause of action to recover no fault benefits on behalf of its assignor, Vincent Dailey, by demonstrating that the prescribed statutory billing forms were mailed to and received by the defendant and that payment was overdue (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a]; *Westchester Med. Ctr. v AIG, Inc.*, 36 AD3d 900 [2007]; *Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d 564 [2005]). In opposition, however, the defendant raised a triable issue of fact as to whether the plaintiff complied with the defendant's timely and properly sent verification requests seeking information regarding Vincent Dailey's toxicology report. Accordingly, the plaintiff was not entitled to summary judgment on the first cause of action (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1], [2]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750 [2007]; *Montefiore Med. Ctr. v Government Empls. Ins. Co.*, 34 AD3d 771 [2006]; *Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co.*, 8 AD3d 533 [2004]; *St. Vincent's Hosp. of Richmond v American Tr. Ins. Co.*, 299 AD2d 338 [2002]). Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.