■ WYCKOFF HEIGHTS MEDICAL CENTER, as Assignee of RAMONA RODRIGUEZ, Plaintiff, and NEW YORK AND PRESBYTERIAN HOSPITAL, as Assignee of JOAQUIN BENITEZ, Respondent, v COUNTRY-WIDE INSURANCE COMPANY, Appellant. [896 NYS2d 691]—

In an action to recover no-fault medical payments under two insurance contracts, the defendant appeals from a judgment of the Supreme Court, Nassau County (Phelan, J.), entered June 4, 2009, which, upon an order of the same court entered May 14, 2009, granting that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted by the plaintiff New York and Presbyterian Hospital, as assignee of Joaquin Benitez, and denying that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted by that plaintiff, is in favor of that plaintiff and against it in the principal sum of $56,235.43.

Ordered that the judgment is affirmed, with costs.

The plaintiff New York and Presbyterian Hospital, as assignee of Joaquin Benitez (hereinafter the hospital), established its prima facie entitlement to judgment as a matter of law by demonstrating that the necessary billing forms were mailed to and received by the defendant Country-Wide Insurance Company (hereinafter the insurer) and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; New York & Presbyt. Hosp. v Countrywide Ins. Co., 44 AD3d 729, 730 [2007]; New York & Presbyt. Hosp. v Selective Ins. Co. of Am., 43 AD3d 1019, 1020 [2007]; Westchester Med. Ctr. v Liberty Mut. Ins. Co., 40 AD3d 981, 981-982 [2007]; Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2005]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]).

In opposition, the insurer failed to raise a triable issue of fact. Contrary to the insurer's contention, the hospital's submission of a completed hospital facility form (NYS form N-F 5) within 45 days after services were rendered satisfied the written notice requirement set forth in 11 NYCRR 65-1.1 (see 11 NYCRR 65-3.3 [d]; cf. New York & Presbyt. Hosp. v American Tr. Ins. Co., 45 AD3d 822, 823 [2007]; St. Vincent's Hosp. & Med. Ctr. v Country Wide Ins. Co., 24 AD3d 748, 749 [2005]).

Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted by the hospital and denied that branch of the insurer's cross motion which was for summary judgment dismissing the complaint insofar as asserted by the hospital. Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.