■ WESTCHESTER MEDICAL CENTER, as Assignee of Chris Kang, et al., Appellants, v COUNTRY WIDE INSURANCE COMPANY, Respondent. [921 NYS2d 881]—

In an action to recover no-fault benefits under a contract of insurance, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered October 1, 2010, as denied the motion of the plaintiff New York Hospital Medical Center of Queens, as assignee of Merna Ishak, for summary judgment on the second cause of action.

Ordered that the appeal by the plaintiff Westchester Medical Center, as assignee of Chris Kang, is dismissed, without costs or disbursements, as that plaintiff is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff New York Hospital Medical Center of Queens, as assignee of Merna Ishak; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff New York Hospital Medical Center of Queens, as assignee of Merna Ishak (hereinafter the plaintiff), established, prima facie, its entitlement to judgment as a matter of law on the second cause of action by demonstrating that the necessary billing forms were mailed to and received by the defendant and that payment of no-fault benefits was overdue (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; *Wyckoff Hgts. Med. Ctr. v Country-Wide Ins. Co.*, 71 AD3d 1009, 1010 [2010], *lv granted* 15 NY3d 709 [2010]; *New York & Presbyt. Hosp. v Countrywide Ins. Co.*, 44 AD3d 729, 730 [2007]). However, in opposition, the defendant raised a triable issue of fact as to whether the plaintiff fully complied with the defendant's demand for verification (*see St. Barnabas Hosp. v American Tr. Ins. Co.*, 57 AD3d 517, 518 [2008]; *Westchester Med. Ctr. v Allstate Ins. Co.*, 53 AD3d 481 [2008]; *Mount Sinai Hosp. v Allstate Ins. Co.*, 25 AD3d 673, 674 [2006]). The defendant was not obligated to pay or deny the claim until all demanded verification was provided by the plaintiff (*see St. Barnabas Hosp. v American Tr. Ins. Co.*, 57 AD3d at 518). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the second cause of action. Dillon, J.P., Covello, Eng and Chambers, JJ., concur.