■ Westchester Medical Center, as Assignee of Gregoria Young and Others, Respondent, v Progressive Casualty Insurance Company, Respondent Appellant. [933 NYS2d 719]—

In an action to recover no-fault benefits, a plaintiff makes a prima facie showing of entitlement to judgment as a matter of law by submitting evidentiary proof that the prescribed statutory billing forms were mailed to and received by the relevant insurance carrier, and that payment of no-fault benefits was overdue (see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]; New York & Presbyt. Hosp. v Selective Ins. Co. of Am., 43 AD3d 1019 [2007]). No-fault benefits are overdue if not paid within 30 days after the insurer receives proof of claims, including verification of all relevant information requested (see 11 NYCRR 65-3.5, 65-3.8 [a]; New York & Presbyt. Hosp. v Selective Ins. Co. of Am., 43 AD3d 1019 [2007]).

With respect to the first cause of action, in which the plaintiff sought benefits as assignee of Gregoria Young, the plaintiff made a prima facie showing that it had mailed the prescribed statutory billing form to the defendant, and did not receive payment within the requisite 30-day period. In opposition to that showing, however, the defendant insurer submitted proof that it timely issued a denial of this claim. Inasmuch as the plaintiff sought summary judgment only on the basis that the defendant failed to timely pay or deny the claim, the Supreme Court, upon reargument, should have adhered to its prior determination denying summary judgment to the plaintiff on this cause of action without regard to the merits of the defendant's denial of

the claim (*see Lenox Hill Hosp. v Government Empls. Ins. Co.*, 89 AD3d 905 [2d Dept 2011]; *Westchester Med. Ctr. v Clarendon Natl. Ins. Co.*, 57 AD3d 659, 659-660 [2008]; *see generally Stukas v Streiter*, 83 AD3d 18, 24 [2011]).

With respect to the second cause of action, in which the plaintiff sought benefits as assignee of Loicyra Bulado, also known as Loicyra Almeda, the plaintiff offered proof that it had mailed the prescribed statutory billing form and did not receive payment therefor within 30 days after complying with the defendant's verification requests (*see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274 [1997]). In opposition thereto, the defendant failed to raise a triable issue of fact. Accordingly, upon reargument, the plaintiff was properly awarded summary judgment on the second cause of action (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

With respect to the third cause of action, in which the plaintiff sought benefits as assignee of Anthony Prunella, the plaintiff submitted proof that it did not receive payment of its claim within 30 days after submission thereof to the defendant. However, in opposition thereto, the defendant established that it timely requested verification of this claim, and that it paid the claim within 30 days after receipt of the requested verification (*see* 11 NYCRR 65-3.5 [b]; *see also New York & Presbyt. Hosp. v Selective Ins. Co. of Am.*, 43 AD3d 1019 [2007]; *Mount Sinai Hosp. v Chubb Group of Ins. Cos.*, 43 AD3d 889 [2007]). Accordingly, upon reargument, the Supreme Court should have adhered to its prior determination denying that branch of the plaintiff's motion which was for summary judgment on the third cause of action. Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur.