*350 OPINION OF THE COURT
Carmen R. Velasquez, J.
This is an action by the plaintiff to recover statutory interest and attorney fees on no-fault insurance claims that were overdue when they were paid by the defendant. The plaintiff has submitted proof that, on the dates indicated, the following four claims were mailed to the defendant:
1. March 10, 2009 — $71.49 for services rendered to Ana Oneal
2. June 11, 2009 — $1,392.52 for services rendered to Salvadore Rivera
3. June 25, 2009 — $107.64 for services rendered to Salvadore Rivera
4. June 25, 2009 — $186.80 for services rendered to Salvadore Rivera.
The claims were each paid as follows:
claim 1 was paid by draft dated June 1, 2009 for $71.49
claim 2 was paid by draft dated July 29, 2009 for $1,392.52
claim 3 was paid by draft dated August 16, 2009 for $107.64
claim 4 was paid by draft dated August 10, 2009 for $103.95.
“Pursuant to Insurance Law § 5106 (a) and 11 NYCRR 65-3.5, insurers are required either to pay or deny a claim for no-fault automobile insurance benefits within 30 days from the date the applicant supplies proof of claim” (New York & Presbyt. Hosp. v Allstate Ins. Co., 30 AD3d 492, 493 [2006], citing Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 278 [1997], rearg denied 90 NY2d 937 [1997]; also see New York & Presbyt. Hosp. v Travelers Prop. Cas. Ins. Co., 37 AD3d 683 [2007]). Based on the proof submitted by the plaintiff on this motion, the claims in this action were paid more than 30 days after they were mailed and received by the defendant. Therefore, the payments of the no-fault benefits made by the defendant were overdue (NYU-Hospital for Joint Diseases v Esurance Ins. Co., 84 AD3d 1190, 1191 [2011], citing St. Vincent’s Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co., 44 AD3d 750, 752 [2007]; Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2005]).
“An insurer’s failure to pay or deny a claim within 30 days carries substantial consequences. By statute, overdue payments earn monthly interest at a rate of two percent and entitle a claimant to reason *351 able attorneys’ fees incurred in securing payment of a valid claim (see Insurance Law § 5106 [a])” (Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 317-318 [2007]; Presbyterian Hosp. v Maryland Cas. Co., 90 NY2d at 278).
Insurance Law § 5106 (a) provides as follows:
“Payments of first party benefits and additional first party benefits shall be made as the loss is incurred. Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained. If proof is not supplied as to the entire claim, the amount which is supported by proof is overdue if not paid within thirty days after such proof is supplied. All overdue payments shall bear interest at the rate of two percent per month. If a valid claim or portion was overdue, the claimant shall also be entitled to recover his attorney’s reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations.”
11 NYCRR 65-3.9 (a), applicable to interest on overdue payments, provides as follows:
“All overdue mandatory and additional personal injury protection benefits due an applicant or assignee shall bear interest at a rate of two percent per month, calculated on a pro-rata basis using a 30-day month. When payment is made on an overdue claim, any interest calculated to be due in an amount exceeding $5 shall be paid to the applicant or the applicant’s assignee without demand therefor.”
11 NYCRR 65-3.10 (a), applicable to attorney fees, provides as follows:
“An applicant or an assignee shall be entitled to recover their attorney’s fees, for services necessarily performed in connection with securing payment, if a valid claim or portion thereof was denied or overdue. If such a claim was initially denied and subsequently paid by the insurer, the attorney’s fee shall be $80. If such a claim was overdue but not denied, the attorney’s fee shall be equal to 20 percent of the amount of the first-party benefits and any additional first-party benefits plus interest payable pursuant to section 65-3.9 of this Subpart, subject to a *352 maximum, fee of $60.”
The overdue interest on plaintiffs claims for $71.49, $107.64, $103.95 was less than five dollars and was not paid by the defendant. The overdue interest on the claim for $1,392.52, which exceeded five dollars, was also not paid. Demands for payment of the overdue interest and attorney fees were mailed to the defendant shortly after the claim payments were received, as indicated in plaintiffs opposing papers. This action to recover the overdue interest and attorney fees was then commenced by the filing of the summons and complaint on November 5, 2009 and personal service upon the defendant on November 10, 2009.*
Defendant’s claim that overdue interest is to be calculated on a 30-day-month basis, and not on a daily basis, has no merit. The Court of Appeals in Presbyterian Hosp. v Maryland Cas. Co. (90 NY2d at 278) stated that
“[p]ursuant to both the Insurance Law and the regulations promulgated by the Superintendent of Insurance, an insurer is required to either pay or deny a claim for no-fault automobile insurance benefits within 30 days from the date an applicant supplies proof of claim (see, Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3]). Failure to pay benefits within the 30-day requirement renders benefits ‘overdue,’ and all overdue payments bear interest at a rate of 2% per month (Insurance Law § 5106 [a]; 11 NYCRR 65.15 [h]). Additionally, a claimant is entitled to recover attorney’s fees where a ‘valid claim or portion’ was denied or overdue (Insurance Law § 5106 [a]; 11 NYCRR 65.15 [i]).”
This language makes it clear that overdue interest applies to “all overdue payments.” Moreover, the instruction in 11 NYCRR 65-3.9 (a) that interest is to be “calculated on a pro-rata basis using a 30-day month” explains the manner of determining the daily rate of interest based on a monthly interest rate of two percent per month, rather than restricting collection to a monthly amount. The statute, regulations and case law confirm that overdue interest is a payment to be imposed on a daily basis, with attorney fees, when a claim for no-fault benefits is *353 not paid within 30 days of submission of the claim (see New York & Presbyt. Hosp. v Allstate Ins. Co., 30 AD3d at 494; Hempstead Gen. Hosp. v Insurance Co. of N. Am., 208 AD2d 501 [1994]; Corona Hgts. Med., P.C. v Liberty Mut. Ins. Co., 32 Misc 3d 8 [2011]).
On this motion and cross motion, as well as other motions that are pending, the issue is whether the plaintiff is entitled to recover overdue interest when it does not exceed the sum of five dollars indicated in 11 NYCRR 65-3.9 (a). The defendant contends that the regulation limits overdue interest to an amount exceeding five dollars that is to be paid, without demand, upon payment of the overdue claim. The plaintiff claims that the regulation does not preclude the applicant from demanding overdue interest below five dollars. There are prior orders in Civil Court, Queens County, that have decided this issue in cases involving different parties. These orders, some of which are signed by this court, have held that collection of overdue interest of less than five dollars is not precluded by regulation 11 NYCRR 65-3.9 (a).
According to the Governor’s Memorandum approving the no-fault system, its primary aims “were to ensure prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts and to provide substantial premium savings to New York motorists” (Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860 [2003]). The Superintendent of Insurance was given the responsibility for administering the Insurance Law “with the power to fill in the interstices in the legislative product by prescribing rules and regulations consistent with the enabling legislation” (Matter of Nicholas v Kahn, 47 NY2d 24, 31 [1979]). As a result, the Court of Appeals has long held that the Superintendent’s “interpretation, if not irrational or unreasonable, will be upheld in deference to his special competence and expertise with respect to the insurance industry, unless it runs counter to the clear wording of a statutory provision” (LMK Psychological Servs., P.C. v State Farm Mut. Auto. Ins. Co., 12 NY3d 217, 223 [2009], citing Matter of New York Pub. Interest Research Group v New York State Dept. of Ins., 66 NY2d 444, 448 [1985]). However, “courts are not required to embrace a regulatory construction that conflicts with the plain meaning of the promulgated language” (Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health, 5 NY3d 499, 506 [2005], citing 427 W. 51st St. Owners Corp. v Div. of Hous. *354 & Community Renewal, 3 NY3d 337, 342 [2004]; also see Kurcsics v Merchants Mut. Ins. Co. 49 NY2d 451, 459 [1980]; East Acupuncture, P.C. v Allstate Ins. Co., 61 AD3d 202, 209 [2009]). Legislative intent is the great and controlling principle in statutory construction and the proper judicial function is to discern and apply the will of the legislature (Mowczan v Bacon, 92 NY2d 281, 285 [1998]; Matter of Scotto v Dinkins, 85 NY2d 209, 214 [1995]; Matter of Sutka v Conners, 73 NY2d 395, 403 [1989]).
“The interest which accrues on overdue no-fault benefits at a rate of two percent per month is a statutory penalty designed to encourage prompt adjustments of claims and inflict a punitive economic sanction on those insurers who do not comply” (East Acupuncture, P.C. v Allstate Ins. Co., 61 AD3d at 210 [citations omitted]). The construction of 11 NYCRR 65-3.9 (a), that is advocated by the defendant, would preclude overdue interest of less than five dollars. This would conflict with the statutory language of Insurance Law § 5106 (a) which imposes interest on “[a] 11 overdue payments.” The change would also tend to increase the delay in compensating low cost medical benefits that accumulate minimal overdue interest. Such a construction of the statute conflicts with its primary aims and violates the legislative intent.
The legislature was entitled to enact a limitation on the overdue interest in Insurance Law § 5601 (a), as it did by expressly eliminating interest of “less then two dollars” in Insurance Law § 3224-a (c) (1). However, the legislature did not exempt the overdue interest of less than five dollars, that is sought by the defendant. The Superintendent of Insurance also did not preclude the collection of overdue interest that is less than five dollars, if it is demanded. This court will not now prevent the collection of such interest.
Accordingly, the plaintiffs motion for summary judgment is granted and the plaintiff is awarded judgment, pursuant to Insurance Law § 5106 (a), for the overdue interest and attorney fees alleged in the complaint. The defendant’s cross motion to dismiss the action is denied.

 The defendant’s answer in this action was interposed by the office of Robert E Tusa. However, Peter C. Merani, whose office submitted the cross motion and reply affidavit on this motion, is listed on the court records as the attorney for the defendant in this action. Therefore, it is appropriate for the court to consider these papers, despite plaintiffs claim that Peter C. Merani is not the defendant’s attorney of record.