In an action to recover no-fault benefits under two separate policies of automobile insurance, the defendant appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered October 13, 2011, which, upon an order of the same court entered August 2, 2011, granting the plaintiffs’ motion for summary judgment on the complaint and denying its cross motion, inter alia, for summary judgment dismissing the complaint, is in favor of the plaintiffs and against it in the sum of $66,682.29.
Ordered that the judgment is modified, on the law, by deleting the provision thereof, in effect, awarding the plaintiffs damages in the sum of $7,354.28 on the first cause of action and substituting therefor a provision dismissing that cause of action; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the plaintiffs’ motion which was for summary judgment on the first cause of action is denied, that branch of the defendant’s cross motion which was for summary judgment dismissing that cause of action is granted, the order entered August 2, 2011, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.
The plaintiffs made a prima facie showing of entitlement to judgment as a matter of law on the second cause of action, which related to the claim submitted by Westchester Medical Center in connection with the injuries allegedly sustained by its assignor, Robert de los Santos, by submitting evidence that the prescribed statutory billing form had been mailed to and received by the defendant insurer, which failed to either pay or deny the claims within the requisite 30-day period (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33 [2d Dept 2013]; Westchester Med. Ctr. v Hereford Ins. Co., 95 AD3d 1306, 1306-1307 [2012]; Westchester Med. Ctr. v Lancer *649 Ins. Co., 94 AD3d 984, 984 [2012]; Westchester Med. Ctr. v Progressive Cas. Ins. Co., 89 AD3d 1081, 1082 [2011]). A medical provider is not required, as part of its prima facie showing, to demonstrate the admissibility of its billing records or to prove the truth of their content under the business records exception to the hearsay rule (see CPLR 4518 [a]; Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33, 45 [2013]). In opposition to the plaintiffs’ showing in connection with the second cause of action, the defendant failed to raise a triable issue of fact as to whether it properly requested further verification of that claim (see Westchester Med. Ctr. v Progressive Cas. Ins. Co., 89 AD3d at 1083; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11 [1999]). By failing to timely contest, at the claims stage, the adequacy of the claim forms employed by Westchester Medical Center to establish proof of the claim it submitted on behalf of de los Santos, the defendant waived its right to rely on any deficiencies in those forms at the litigation stage (see Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556, 563 [2008]; Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 318 [2007]; Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33, 46 [2013]). Similarly, on its cross motion for summary judgment, the defendant failed to establish, prima facie, that it properly requested verification of that claim (see Westchester Med. Ctr. v Countrywide Ins. Co., 45 AD3d 676, 676 [2007]). Accordingly, the Supreme Court properly granted that branch of the plaintiffs’ motion which was for summary judgment on the second cause of action and properly denied that branch of the defendant’s cross motion which was for summary judgment dismissing the second cause of action (see Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co., 44 AD3d 750, 754 [2007]).
In connection with that branch of its cross motion which was for summary judgment dismissing the first cause of action, however, the defendant established, prima facie, that payment on the claim made by the plaintiff New York Hospital Medical Center of Queens on behalf of its assignor, Khushi Robinson, was not overdue since there were verification requests that remained outstanding with respect to that claim (see New York & Presbyt. Hosp. v Allstate Ins. Co., 30 AD3d 492, 493 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact (see id.). Specifically, the defendant submitted evidence that it timely and properly requested further verification of that claim and timely and properly followed up on that request, but that New York Hospital Medical Center of Queens did not respond (see Westchester Med. Ctr. v Country Wide Ins. Co., 84 AD3d 790, *650 791 [2011]; St. Barnabas Hosp. v American Tr. Ins. Co., 57 AD3d 517, 518 [2008]; New York & Presbyt. Hosp. v Countrywide Ins. Co., 44 AD3d 729, 730 [2007]). Accordingly, the Supreme Court should have denied that branch of the plaintiffs’ motion which was for summary judgment on the first cause of action, and granted that branch of the defendant’s cross motion which was for summary judgment dismissing that cause of action. Balkin, J.E, Roman, Sgroi and Cohen, JJ., concur.