*651 In an action to recover no-fault benefits under three separate policies of automobile insurance, the defendant appeals from a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered December 1, 2011, which, upon an order of the same court dated October 21, 2011, granting that branch of the plaintiffs’ motion which was for summary judgment on the second cause of action, is in favor of the plaintiff Richmond University Medical Center, as assignee of Arnold Sealey, and against it in the total sum of $6,698.56.
Ordered that the judgment is affirmed, with costs.
By failing to timely contest, at the claims stage, the adequacy of the claim forms used by the plaintiff Richmond University Medical Center, as assignee of Arnold Sealey, to establish proof of claim, the defendant waived its right to rely on any deficiencies in those forms at the litigation stage (see Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 318 [2007]; Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556, 563 [2008]; Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33 [2d Dept 2013]; Westchester Med. Ctr. v Safeco Ins. Co. of Am., 40 AD3d 984, 984 [2007]). Accordingly, by submitting evidence in admissible form that the prescribed statutory billing form had been mailed to and received by the defendant insurer, which failed to either pay or deny the claim within the requisite 30-day period, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the second cause of action (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33 [2013]; Westchester Med. Ctr. v Hereford Ins. Co., 95 AD3d 1306, 1306-1307 [2012]).
We note that the defendant does not contend on appeal that it raised a triable issue of fact in opposition to the plaintiffs’ prima facie showing, but only that the plaintiffs failed to meet their prima facie burden. Therefore, we do not address the issue of whether the defendant raised a triable issue of fact in opposition.
Accordingly, we affirm the judgment appealed from. Dillon, J.E, Balkin and Chambers, JJ., concur.