Murzik Taxi, Inc. v Lutheran Med. Ctr. (2021 NY Slip Op 02302)





Murzik Taxi, Inc. v Lutheran Med. Ctr.


2021 NY Slip Op 02302


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-12834
 (Index No. 501119/16)

[*1]Murzik Taxi, Inc., respondent,
v
Lutheran Medical Center, etc., appellant.


William A. Hecht, P.C., Armonk, NY (Patricia Hecht of counsel), for appellant.
Thomas Torto, New York, NY, for respondent.



DECISION & ORDER
In an action pursuant to Insurance Law § 5106(c) for a de novo determination of claims for no-fault insurance benefits, the defendant appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated September 25, 2017. The order denied those branches of the defendant's motion which were for summary judgment dismissing the complaint and on its second and third counterclaims, and granted the plaintiff's cross motion for summary judgment on the complaint, dismissing the defendant's counterclaims, and, in effect, determining that the defendant was not entitled to no-fault insurance benefits.
ORDERED that the order is reversed, on the law, with costs, those branches of the defendant's motion which were for summary judgment dismissing the complaint and on its second and third counterclaims are granted, the plaintiff's cross motion for summary judgment on the complaint, dismissing the defendant's counterclaims, and, in effect, determining that the defendant was not entitled to no-fault insurance benefits is denied, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment in favor of the defendant and against the plaintiff in the principal sum of $59,199.85, together with a surcharge, interest, and attorney's fees.
On March 25, 2011, Kiley Thompson, a pedestrian, allegedly was injured when he was struck by a taxi owned by the plaintiff, a self-insured taxi corporation. The defendant, as assignee of Thompson, submitted claims to the plaintiff for no-fault insurance benefits for medical care it provided to Thompson. After the plaintiff failed to pay the claims, the defendant submitted the matter to arbitration. The arbitrator determined that the defendant was entitled to no-fault compensation in the sum of $59,199.85, together with a surcharge, interest, and attorney's fees. The plaintiff appealed the award to a master arbitrator, who affirmed the award.
Thereafter, the plaintiff commenced this action pursuant to Insurance Law § 5106(c) for a de novo determination of the defendant's claims for no-fault insurance benefits. The defendant moved, inter alia, for summary judgment dismissing the complaint and on its second and third counterclaims for no-fault benefits. The plaintiff cross-moved for summary judgment on the complaint, dismissing the defendant's counterclaims, and, in effect, determining that the defendant was not entitled to no-fault benefits. In an order dated September 25, 2017, the Supreme Court denied those branches of the defendant's motion which were for summary judgment dismissing the complaint and on its second and third counterclaims, and granted the plaintiff's cross motion. The [*2]defendant appeals.
Insurance Law § 5106(c) permits a de novo adjudication of a no-fault insurance claim where the master arbitrator's award is $5,000 or greater, exclusive of interest and attorney's fees (see 11 NYCRR 65-4.10[h][1][ii]; Allstate Ins. Co. v Buffalo Neurosurgery Group, 172 AD3d 967, 968-969).
Here, the defendant made a prima facie showing of its entitlement to judgment as a matter of law on its second and third counterclaims for no-fault benefits by submitting evidence that the prescribed statutory billing forms had been mailed to and received by the plaintiff, and that after the plaintiff received further verification of these claims, it failed to either pay or deny the claims (see Westchester Med. Ctr. v Hereford Ins. Co., 95 AD3d 1306, 1306-1307). In addition, the defendant submitted evidence, including a fax confirmation receipt, showing that an NF-5 form, in which Thompson assigned his no-fault benefits to the defendant, was faxed to and received by the plaintiff on July 11, 2011.
In opposition, the plaintiff submitted evidence showing that in 2011, Thompson commenced a personal injury action against the plaintiff, among others. On September 12, 2013, the action was settled and the plaintiff agreed to pay Thompson the sum of $275,000 in damages, of which $65,000 was purportedly allocated for no-fault benefits. The plaintiff asserts that it is not obligated to pay no-fault benefits to the defendant because it did not have notice of the assignment before it issued payment to Thompson.
"[A]n account debtor is authorized to pay the assignor until the account debtor receives notification that the amount due or to become due has been assigned and that payment is to be made to the assignee " (General Motors Acceptance Corp. v Albany Water Bd., 187 AD2d 894, 895-896 [internal quotation marks omitted]). To establish that it did not receive notice of the assignment, the plaintiff relies solely on an affidavit of an employee of the plaintiff's claims administrator, who asserted that the claims administrator never received the faxed notice on July 11, 2011. The employee's assertion, however, was belied by overwhelming documentary evidence. Indeed, a denial of claim form dated July 20, 2011, which was prepared by the plaintiff's claims administrator and attached to the employee's affidavit, designated the defendant as the assignee. In addition, the defendant submitted an arbitration decision dated January 3, 2012, in which Thompson's arbitration claim against the plaintiff for no-fault benefits was dismissed on the ground that he lacked standing because he assigned the claims for no-fault benefits. Under these circumstances, the plaintiff failed to raise a triable issue of fact as to whether it received notice of the assignment.
In the alternative, the plaintiff asserts that, as a self-insurer, its bond or policy was limited to $50,000 (see 11 NYCRR 65-2.2[a], [c]). Contrary to the plaintiff's contention, taxicab owners, such as the plaintiff, are required to maintain liability coverage through an insurance policy or bond in an amount not less than $200,000 per person for basic economic losses (see Rules of City of NY Taxi and Limousine Commn [35 RCNY] § 58-13[d][1][i]; see also Mount Sinai Hosp. v Dust Tr., Inc., 104 AD3d 823, 823-824). Further, the plaintiff failed to submit the insurance policy or bond, or any other documentary evidence for that matter, to establish that the insurance coverage was exhausted.
Similarly, on its cross motion for summary judgment, the plaintiff failed to establish, prima facie, that it was not obligated to pay the defendant's claims for no-fault benefits.
Contrary to the plaintiff's contention, the defendant established that the interest should run on both claims for no-fault benefits from August 11, 2011, until the date the claims are paid (see Hempstead Gen. Hosp. v Insurance Co. of N. Am., 208 AD2d 501).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted those branches of the [*3]defendant's motion which were for summary judgment dismissing the complaint and on its second and third counterclaims, and denied the plaintiff's cross motion for summary judgment on the complaint, dismissing the defendant's counterclaims, and, in effect, determining that the defendant was not entitled to no-fault insurance benefits.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court