Healthplus Surgery Ctr., LLC v American Tr. Ins. Co. (2022 NY Slip Op 02252)

Healthplus Surgery Ctr., LLC v American Tr. Ins. Co.

2022 NY Slip Op 02252

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.

2019-12871
 (Index No. 708027/18)

[*1]Healthplus Surgery Center, LLC, etc., respondent,
v
American Transit Insurance Company, appellant.

Law Offices of Peter C. Merani, P.C., New York, NY (Adam Waknine of counsel), for appellant.
Baker & Cantin, P.C., Rego Park, NY (Elyse R. Ulino of counsel), for respondent.

DECISION & ORDER
In an action to recover no-fault benefits, the defendant appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered October 31, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's motion which were for summary judgment dismissing so much of the first cause of action as sought reimbursement greater than $1,724.22 and so much of the third cause of action as sought reimbursement greater than $12,924.78, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs payable to the defendant.
The plaintiff, a medical provider, commenced this action to recover assigned first-party no-fault benefits for medical services rendered. The defendant moved for summary judgment dismissing the complaint, arguing that the services lacked medical necessity and the amount sought exceeded the amount permitted by the applicable fee schedule. The Supreme Court denied the motion, and the defendant appeals.
The defendant failed to establish, prima facie, that the services provided were not medically necessary (see Global Liberty Ins. Co. v W. Joseph Gorum, M.D., P.C., 143 AD3d 768). The peer review reports submitted by the defendant did not establish a factual basis and medical rationale for the determination that there was a lack of medical necessity for the services, as each doctor merely set forth a conclusory opinion that the alleged motor vehicle injuries were degenerative and chronic, and conservative treatment would suffice (see Eagle Surgical Supply, Inc. v Mercury Cas. Co., 36 Misc 3d 131[A], 2021 NY Slip Op 51286[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]). In light of the defendant's failure to meet its prima facie burden, we need not consider the sufficiency of the opposing papers on that issue (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Allstate Ins. Co. v Buffalo Neurosurgery Group, 172 AD3d 967).
The defendant nevertheless established, prima facie, that the bills for the services provided were in excess of the proper fee schedule (see Insurance Law § 5108[a], [c]; 11 NYCRR 68.6[a][1]). The defendant's expert stated in an affidavit that if the services were determined to be [*2]medically necessary, the plaintiff would be entitled to a reimbursement of only $1,724.22 of the $2,586.34 claimed in the first cause of action, and only $12,924.78 of the $25,849.56 claimed in the third cause of action. As the plaintiff failed to raise a triable issue of fact in opposition to this showing, the Supreme Court should have granted those branches of the defendant's motion which were for summary judgment dismissing so much of the first cause of action as sought reimbursement greater than $1,724.22 and so much of the third cause of action as sought reimbursement greater than $12,924.78 (see Allstate Ins. Co. v Buffalo Neurosurgery Group, 172 AD3d 967; AVA Acupuncture, P.C. v GEICO Gen. Ins. Co., 17 Misc 3d 41 [App Term, 2d Dept]).
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court