American Tr. Ins. Co. v Beach Med. Rehabilitation, P.C.
2026 NY Slip Op 03771
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

American Transit Insurance Company, respondent,
v
Beach Medical Rehabilitation, P.C., etc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-11512, (Index No. 511334/22)
Lara J. Genovesi, J.P.
Lillian Wan
Janice A. Taylor
Donna-Marie E. Golia, JJ.

Roman Kravchenko, Melville, NY, for appellant.
Larkin Farrell LLC, New York, NY (William R. Larkin III of counsel), for respondent.

[*1]
DECISION & ORDER
In an action pursuant to Insurance Law § 5106(c) for a de novo determination of claims for no-fault insurance benefits and for declaratory relief, the defendant appeals from an order of the Supreme Court, Kings County (Caroline Piela Cohen, J.), dated October 10, 2024. The order, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment dismissing the complaint and, in effect, declaring that the plaintiff is obligated to pay no-fault insurance benefits submitted by the defendant on behalf of its assignor, Marissa Hirsch, to confirm a master arbitration award dated February 25, 2022, and for an award of attorneys' fees.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendant's motion which were for summary judgment dismissing the complaint and, in effect, declaring that the plaintiff is obligated to pay no-fault insurance benefits submitted by the defendant on behalf of its assignor, Marissa Hirsch, to confirm the master arbitration award dated February 25, 2022, and for an award of attorneys' fees are granted, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of reasonable attorneys' fees to be awarded to the defendant and the entry of a judgment, inter alia, declaring that the plaintiff is obligated to pay no-fault insurance benefits submitted by the defendant on behalf of its assignor, Marissa Hirsch, and awarding such reasonable attorneys' fees.
The plaintiff, a no-fault insurance carrier (hereinafter the insurer), commenced this action against the defendant (hereinafter the medical provider) pursuant to Insurance Law § 5106(c) for a de novo determination of a dispute regarding its denial of the defendant's claims for no-fault insurance benefits for medical services rendered to the defendant's assignor and for declaratory relief. Prior thereto, an arbitrator had determined that the medical provider was entitled to an award of no-fault insurance benefits in the principal sum of $5,772.62. The insurer appealed the award to a master arbitrator, who affirmed the award on February 25, 2022 (hereinafter the master arbitration award).
The medical provider moved, inter alia, for summary judgment dismissing the complaint and, in effect, declaring that the plaintiff is obligated to pay no-fault insurance benefits submitted by the medical provider on behalf of its assignor, Marissa Hirsch (hereinafter the assignor), to confirm the master arbitration award, and for an award of attorneys' fees. In an order [*2]dated October 10, 2024, the Supreme Court, among other things, denied those branches of the medical provider's motion. The medical provider appeals.
Contrary to the contention of the medical provider, arbitration awards rendered in favor of different medical providers in related matters lacked collateral estoppel or res judicata effect in this action for a de novo determination of the defendant's submitted claims for no-fault insurance benefits (see id.; see also Matter of Greenberg [Ryder Truck Rental], 70 NY2d 573, 577).
Nonetheless, the Supreme Court should have granted those branches of the medical provider's motion which were for summary judgment dismissing the complaint and, in effect, declaring that the plaintiff is obligated to pay no-fault insurance benefits submitted by the medical provider on behalf of the assignor and to confirm the master arbitration award. "In an action to recover no-fault benefits, a [claimant] makes a prima facie showing of entitlement to judgment as a matter of law by submitting evidentiary proof that the prescribed statutory billing forms were mailed to and received by the relevant insurance carrier, and that payment of no-fault benefits was overdue" (Westchester Med. Ctr. v Progressive Cas. Ins. Co., 89 AD3d 1081, 1082; see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 506; New York Hosp. Med. Ctr. of Queens v QBE Ins. Corp., 114 AD3d 648). Where a claimant seeks summary judgment on this ground, in opposition, the insurer must raise a triable issue of fact as to its timely denial of the claim (see Westchester Med. Ctr. v A Cent. Ins. Co., 114 AD3d 937, 937; Lenox Hill Hosp. v Government Empls. Ins. Co., 89 AD3d 905, 905).
Here, it is undisputed that the prescribed claims documents were timely sent to the insurer. In opposition, the insurer failed to raise a triable issue of fact as to its timely denial of the defendant's submitted claims (see Westchester Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 81 AD3d 929, 929-930; see also Progressive Cas. Ins. Co. v Metro Psychological Servs., P.C., 139 AD3d 693, 694; Progressive Cas. Ins. Co. v Infinite Ortho Prods., Inc., 127 AD3d 1050, 1051-1052). The insurer submitted affidavits of two of its employees. However, those employees did not set forth personal knowledge of a standard office procedure designed to ensure proper addressing and mailing or of the actual mailing of the denial of claims forms.
An insurer that fails to timely deny a claim for no-fault insurance benefits "'is generally precluded from asserting a defense against payment of the claim'" (Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556, 563, quoting Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 318). The "only exception to this preclusion remedy [is] a 'narrow' one for those 'situations where an insurance company raises a defense of lack of coverage'" (id.; see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195). Here, where the insurer failed to raise a triable issue of fact as to its timely mailing of the denial of claims forms, it is precluded from asserting a defense of lack of medical necessity (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199).
While the insurer is not precluded from raising the defense of lack of causation notwithstanding an untimely denial of the defendant's submitted claims (see id.), here, the insurer failed to raise a triable issue of fact as to whether the assignor's injuries were caused by the subject motor vehicle accident. The insurer submitted an affidavit of a physician who performed a peer review (hereinafter the peer review physician). However, the affidavit did not demonstrate that the peer review physician reviewed the assignor's full medical records, which included records of conservative treatment rendered prior to an EMG/NCV test. In addition, the peer review physician did not address the opinion of the treating physician regarding certain symptoms bearing on the treating physician's decision to perform the EMG/NCV test. Further, the report of the peer review physician did not address treatment rendered in addition to the EMG/NCV test. Such additional treatment was encompassed in the defendant's submitted claims and deemed necessary by a physician who performed an independent medical examination. Moreover, the peer review physician did not specifically address the causal connection between the assignor's alleged injuries and the motor vehicle accident.
Under these circumstances, the insurer failed to raise a triable issue of fact as to the [*3]defense of lack of causation. Accordingly, the medical provider was entitled to summary judgment dismissing the complaint and declaring that the plaintiff is obligated to pay no-fault insurance benefits submitted by the medical provider on behalf of the assignor (see Hernandez v Merchants Mut. Ins. Co., 206 AD3d 978; New York & Presbyt. Hosp. v Selective Ins. Co. of Am., 43 AD3d 1019, 1020; see also Healthplus Surgery Ctr., LLC v American Tr. Ins. Co., 204 AD3d 646, 646-647).
As the medical provider is entitled to summary judgment dismissing the complaint and declaring that the plaintiff is obligated to pay no-fault insurance benefits submitted by the medical provider on behalf of the assignor, it is also entitled to confirmation of the master arbitration award (see Insurance Law 5106[c]; Matter of Slater v Eagle Ins. Co., 294 AD2d 368; see also Murzik Taxi, Inc. v Lutheran Med. Ctr., 193 AD3d 866) and an award of attorneys' fees.
Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a determination of the amount of reasonable attorneys' fees to be awarded to the medical provider and the entry of a judgment, inter alia, declaring that the plaintiff is obligated to pay no-fault insurance benefits submitted by the medical provider on behalf of the assignor and awarding such reasonable attorneys' fees (see Insurance Law § 5106[a]; 11 NYCRR 65-4.10[j][4]; American Tr. Ins. Co. v Comfort Choice Chiropractic, PC, 239 AD3d 1; Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 170 AD3d 1168, 1168; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705).
GENOVESI, J.P., WAN, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court