■ CONSOLIDATED RAIL CORPORATION, Respondent, v INDUSTRIAL SCRAP PROCESSING CORPORATION, Appellant, et al., Defendants. — In an action, *inter alia,* to recover damages for trespass to land, defendant Industrial Scrap Processing Corp. appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Cohen, J.), entered March 23, 1983, as, upon plaintiff's application to enforce a stipulation of settlement dated November 13, 1980, is in favor of plaintiff and against it in the sum of $40,000. Judgment reversed insofar as appealed from, on the law and in the exercise of discretion, without costs and with disbursements to plaintiff for the printing of its appendix, and matter remitted to the Supreme Court, Kings County, for a hearing in accordance herewith. Plaintiff brought a motion to enforce a stipulation of settlement entered into between the parties which, *inter alia,* provided (1) that appellant would do certain work on plaintiff's property, which appellant had been occupying and using without authorization, (2) that upon failure of appellant to complete the work within 60 days, plaintiff would have judgment against appellant for $40,000, and (3) upon completion of the work to plaintiff's reasonable satisfaction, it would offer a lease for a certain part of the property to appellant. In opposition to plaintiff's motion to recover the $40,000 in damages, appellant submitted an affirmation of its attorney stating that the work had been completed and annexing a copy of a memorandum typed on plaintiff Conrail's stationery and dated one month after the motion to enforce the stipulation was brought. The memorandum purported to be from a "Division Engineer" of Conrail, and stated that Conrail's supervisor of the property in question had inspected the premises and advised that the work had been completed to plaintiff's satisfaction. The memorandum also purported to authorize the parties to proceed with a lease. The Supreme Court held that the affirmation and memorandum did not raise any issue of fact and were not " 'evidentiary proof in admissible form' " (quoting from *Zuckerman v City of New York,* 49 NY2d 557, 563) and, therefore, granted plaintiff's motion. Although oral argument was heard on the motion, no hearing was held and no transcript was made of the argument. Because there appears to be conflicting evidence as to whether the stipulation had been complied with by completion of the work and as to the intentions of the parties concerning the lease, a hearing should have been held and a transcript made. Accordingly, the judgment is reversed to the extent that it awarded $40,000 to plaintiff as against appellant, and the matter is remitted to the Supreme Court, Kings

County, for a formal hearing. Because appellant left vital information out of its appendix, plaintiff's request for disbursements for the printing of an appendix is granted (CPLR 8301, subd [c]; 22 NYCRR 670.18). Thompson, J. P., Brown, Rubin and Boyers, JJ., concur.