■ STUART R. PEARL, Respondent, v 305 EAST 92ND STREET CORP., Appellant, et al., Defendants.—Order, and judgment, Supreme Court, New York County (William Davis, J.), entered August 29, 1990 and October 5, 1990, respectively, which directed defendant-appellant, 305 East 92nd Street Corp. ("owner"), to pay plaintiff-respondent, Stuart R. Pearl ("tenant"), the sum of $12,500 pursuant to a previously entered stipulation between the parties, and which further directed owner to pay counsel for tenant $5,000 pursuant to 22 NYCRR 130-1.1, and assessed costs against it in the sum of

$200, unanimously reversed, on the law, and the matter remanded for a hearing, without costs.

Pursuant to a "so-ordered" stipulation entered into by owner and tenant on December 19, 1989, the parties settled this action brought by tenant to recover damages for illegal eviction from Apartment 4W of 305 East 92nd Street, New York, New York. The terms of the stipulation provided that owner would pay tenant the sum of $25,000 in two equal installments, the first to be paid on December 22, 1989, and the second on or before April 23, 1990. The stipulation further provided that tenant released all rights, title and interest to the subject rent-stabilized apartment, and that he would have until January 6, 1990 to remove his property, which included kitchen, bathroom and lighting fixtures. On or about January 7, 1990 tenant was given a key to permit him entry into the apartment for the purpose of moving the items. He returned the key on January 8, 1990, and left to study in Japan the following day.

Four months later, on April 18, 1990, when tenant was still out of the country, owner's counsel contacted his father and advised that a recent inspection of the apartment had revealed it to be uninhabitable, allegedly because of vandalism and destruction by tenant. These contentions by owner against tenant were raised five days before the final payment of $12,500 was due under the stipulation, and were accompanied by demands for a set-off in the amount of $7,500, with litigation to be commenced if tenant did not consent. Tenant refused to do so and, when owner failed to make the April 23, 1990 payment, brought an order to show cause to compel owner's compliance with the terms of the stipulation.

In directing the owner to pay the balance of the agreed-upon settlement and imposing $5,000 in sanctions against it, the IAS part observed that owner had not sought judicial relief from its obligation upon learning of the claimed breach of the stipulation by tenant, but instead undertook to unilaterally change its terms. The court further noted that the allegations against tenant were "highly suspect" in view of the lengthy period from the time that tenant vacated the apartment in early January 1990 to the time that the claim was asserted on April 18, 1990, only five days before the final payment was due.

While we agree that the manner in which owner has proceeded raises questions as to the *bona fides* of its claim that tenant breached the stipulation by causing extensive and

costly damage to the apartment, this disputed fact may not be resolved without a hearing. *(See, Teitelbaum Holdings v Gold,* 48 NY2d 51, 56; *Consolidated Rail Corp. v Industrial Scrap Processing Corp.,* 97 AD2d 532.)* Accordingly, the order and judgment appealed from are reversed, and the matter remanded for this purpose. Concur—Sullivan, J. P., Carro, Rosenberger, Asch and Kassal, JJ.