■ In the Matter of OLYMPIA VICTORIA R. and Others, Infants. WINIFRED D., Appellant; LITTLE FLOWER CHILDREN'S SERVICES, Respondent. [690 NYS2d 204] —Orders (four papers), Family

Court, Bronx County (Susan Larabee, J.), entered on or about July 2, 1996, which, upon a prior finding that respondent mother, by reason of mental retardation, is presently and will be for the foreseeable future unable to provide proper and adequate care for the subject children, terminated respondent's parental rights pursuant to Social Services Law § 384-b (4) (c) and committed custody and guardianship of the subject children to petitioner child-care agency, unanimously affirmed, without costs.

Clear and convincing evidence supports Family Court's determination that respondent is presently and will be for the foreseeable future unable, by reason of mental retardation, to provide proper and adequate care for the subject children (Social Services Law § 384-b [4] [c]).

We decline to conclude that Family Court's receipt of evidence as to the special needs of three of the four subject children at the hearings on the application to terminate the parental rights of the co-respondent father on the ground of permanent neglect, prior to the commencement of the fact-finding hearing as to respondent, prejudiced the court against respondent. Any findings made against the father were not binding on respondent, who had not been represented at the hearing as to the father, and who remained free to present any evidence she wished at her own hearings on issues that had also been addressed at the father's hearings. To the extent the judicial notice taken by the court at respondent's hearing of prior proceedings in this matter included the hearings as to the father, respondent's attorney failed to raise any objection to the taking of such notice, and any error is therefore unpreserved for our review. We decline to reach this issue, but, were we to reach it, we would hold that any error was harmless, since there was ample evidence to support the finding that respondent was incapable of caring even for the one child who had no special needs, and the other evidence presented at the hearing as to the father was irrelevant to the application to terminate respondent's rights on the ground of mental retardation. Finally, respondent's late arrival, without acceptable excuse, at the beginning of her hearing, which caused her to miss only petitioner's expert's testimony as to his qualifications, affords no ground for reversal. Concur—Ellerin, P. J., Tom, Lerner, Buckley and Friedman, JJ.