■ KPSD Mineola, Inc., Respondent, v Myra Jahn, Appellant. [870 NYS2d 102]—

This action seeks, inter alia, specific performance of a contract for the sale of real property in the Village of Mineola. The contract provides for the closing to take place on or about 30 days after the Village's adoption of a revised master zoning plan permitting development of the property.

The defendant seller contends that the contract of sale violates the rule against perpetuities (*see* EPTL 9-1.1 [b]), or amounts to an unreasonable restraint on alienation because it does not require closing to take place until after the adoption of the revised master zoning plan. However, these issues are raised for the first time on appeal, and are thus not properly before this Court (*see Luft v Luft,* 52 AD3d 479 [2008]; *Matter of AIU Ins. Co. v Rodriguez,* 43 AD3d 1042, 1044 [2007]; *Triantafillopoulos v Sala Corp.,* 39 AD3d 740 [2007]; *McCabe v Witteveen,* 34 AD3d 652, 654 [2006]). Moreover, these issues do not fall within the exception to this rule permitting review of pure questions of law which could not have been avoided if raised at the proper juncture (*see Triantafillopoulos v Sala Corp.,* 39 AD3d 740 [2007]; *Gammal v La Casita Milta,* 5 AD3d 630 [2004]).

The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff purchaser failed to comply with the mortgage contingency clause. In support of the motion, the defendant made a prima facie showing that the plaintiff neither obtained a mortgage commitment within the time period specified by the contract nor exercised its right to proceed without a commitment by providing a signed agreement to close on a date certain. However, in opposition to the motion, the plaintiff raised triable issues of fact as to whether it failed to perform its obligation to provide a written agreement to close without a commitment within a reasonable time period, and, if so, whether the defendant waived compliance with this contractual provision (*see Kistela v Ahlers,* 22 AD3d 641, 642-643 [2005]; *Caledonia Constr. Corp. v Dastgir,* 13 AD3d 570, 571 [2004]; *Miranda v Jay Constr. Corp.,* 2 AD3d 420 [2003]; *Stargiotti v Nigrello,* 114 AD2d 498 [1985]). Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.