OPINION OF THE COURT
Judith J. Gische, J.
This case involves plaintiffs’ attempts to prevent the defendant from selling the cooperative apartment in which plaintiffs reside, based on a default in paying the note secured by the apartment’s shares (co-op shares). By order to show cause, plaintiffs move to compel defendant to render an expedited decision on their application for a mortgage modification, to amend the caption of this proceeding to include as a defendant Countrywide Bank N.A., as successor in interest to Bank of America, and for costs and for attorneys’ fees. They also seek injunctive relief staying the sale. A temporary restraining order is in effect pending determination of the underlying motion.
Summary of the Parties’ Arguments
Plaintiffs are the holders of the proprietary lease and co-op shares appurtenant to apartment No. 11G located at 8 East 83rd Street, New York, New York (apartment). Defendant Bank of America, N.A. (BOA), the holder of a fixed-rate note, executed by plaintiff Katie Stern-Obstfeld (KS), and a security agreement executed by both plaintiffs (Security Agreement), opposes plaintiffs’ motion and seeks to be permitted to proceed with a UCC article 9 sale of the apartment.
KS entered into the Security Agreement, pledging stock shares in the apartment as collateral for a home equity loan in the principal amount of $435,871.77.[1] Plaintiffs maintain that plaintiff Samuel Stern-Obstfeld (SS) was not a party to the *903 loan, but co-owns the co-op shares. Plaintiffs allege that defendant failed to properly notify them of the payment default, and that they are entitled to a declaratory judgment setting aside a notice of sale of the apartment. Plaintiffs also claim that the notice of sale is defective, in that they were accorded an improper period of time to take necessary action, and is invalid because SS, who is not a party to the note, and other creditors, were not properly notified of the sale. Finally, plaintiffs allege that the sale would violate UCC 9-610, because it is not a commercially reasonable disposition of the collateral, since the value of the co-op shares greatly exceeds the amount necessary to cure the default.
KS submits an affidavit in support of plaintiffs’ motion in which she states that she and SS suffered a series of personal and financial setbacks in 2008 and 2009, resulting in their failure to make loan payments. She claims that these events are now behind them.
Plaintiffs had previously sought to stay the sale of the apartment. In connection with a prior order to show cause, the parties entered into a January 2010 stipulation (the Stipulation), in which they agreed to apply for a loan mortgage modification. In the Stipulation, the plaintiffs agreed to provide written proof to BOA’s counsel about the mortgage modification application status on or before January 14, 2010 at 5:00 p.m. In the event that the proof was provided, BOA agreed that the stay on selling the apartment would be extended until February 22, 2010 at 5:00 p.m.
It is undisputed that, by letter dated February 23, 2010, plaintiffs notified BOA’s counsel that the application had been sent.[2] BOA claims that the application was subsequently denied. KS claims that plaintiffs submitted a new loan modification application through the Home Retention Group, which she states is an agency of the federal government. KS states that she filed that modification application on July 1, 2010, and is still awaiting a determination.
KS also claims that in the interim, her financial situation has improved tremendously. She claims that the plaintiffs can make prospective payments on the loan, although they have no lump sum to pay down the arrears.
*904 Plaintiffs seek to have the court prevent the sale of their home, and compel the defendant to reinstate and extend the loan. Plaintiffs seek to be permitted to make payments on the loan pending the application determination, and demand that the court issue an order compelling defendant to issue an expedited application determination.
In opposition, BOA argues that plaintiffs have failed to establish their ability to cure the default,[3] or the existence of a meritorious defense to the foreclosure sale. BOA states that on November 1, 2008, the plaintiffs failed to make the required monthly payment, and Countrywide Home Loans, Inc., a division of Countrywide Bank, N.A., and also its loan servicer, notified plaintiffs, by letter, of their default and opportunity to cure, in accordance with the terms and conditions of the note and Security Agreement. BOA submits a copy of the notification letter. BOA contends that when plaintiffs failed to cure the default, it referred the matter to its counsel, with a direction to commence foreclosure in order to collect the balance due under the note.
BOA maintains that, on November 3, 2009, a copy of a notice of public sale of the apartment on December 2, 2009, by auction, was sent to the plaintiffs through regular and certified mail. BOA has attached a return receipt reflecting a signature acknowledging receipt of a mailing on November 9, 2009, and an affidavit of service by first class and certified mail.[4] Plaintiffs previously moved on November 17, 2009 to stay the sale, which was resolved by the Stipulation, previously discussed, of January 2010.
BOA states that it received a loan modification package from plaintiffs in February 2010, and that despite that plaintiffs missed the Stipulation deadline, the documents were examined under the Home Affordable Modification Program (HAMP), but that plaintiffs were not qualified for a HAMP modification, due to lack of income. BOA resumed the foreclosure process, in July 2010, sending notice that it had scheduled another foreclosure sale for September 2010. Thereafter, plaintiffs brought the instant motion.
*905 BOA contends that, while it is sympathetic to plaintiffs’ predicament, sympathy is not a defense to a foreclosure action, and plaintiffs have not demonstrated any ability to cure the default. BOA argues that plaintiffs’ request for a loan extension and reinstatement, without making a lump-sum payment, is not sufficient to stop the sale.
Pointing to the Security Agreement, BOA contends that plaintiffs are not automatically entitled to a loan modification, and that the agreement provides that the lender is not required to accept partial reinstatement payments, enter into a forbearance agreement,[5] or even entertain the idea of a loan modification, once it chooses to accelerate the debt. BOA states that it has met its burden to proceed on a nonjudicial foreclosure of a cooperative apartment, that plaintiffs’ motion was filed to delay or prolong resolution of this process, that plaintiffs are substantially increasing legal fees, and that they should not be permitted to continue to live in the property rent free, to BOA’s detriment.
Discussion
For the reasons set forth below, the court holds that the defendant’s notice of sale was defective and may not serve as a predicate for the sale at this time.
In late 2009, Governor Paterson signed a bill into law requiring certain notice to residential homeowners of cooperative apartments, intended for the homeowners’ protection, prior to disposition of collateral shares (L 2009, ch 507).[6] The purpose of the notice is to afford protection to homeowners similar to that provided to the owners of real property under the Home Equity Theft Prevention Act (HETPA) (see id.; compare RPAPL 1303).
The notice requirement, codified in section 9-611 of UCC article 9, is similar to the HETPA notice requirements associated with judicial foreclosure proceedings. Under UCC 9-611 (f), a secured party must send a specific type of notice to a homeowner 90 days prior to the sale or other disposition of cooperative shares held as collateral. The lender must also send the homeowner a notice 10 days prior to the disposition. The 90-day notice is very particular in its requirements, and provides information about counseling services and other matters that *906 may assist cooperative apartment homeowners in obtaining help when faced, with the potential loss of a home.
UCC 9-611 (f) has been effective since January 14, 2010. Although BOA sought to sell the co-op shares in September 2010, and submits the notices that it provided to plaintiffs, the notices do not comply with UCC 9-611 (f)’s requirements in terms of timing, the type size or the information to be provided. The Second Department has held that the HETPA notice requirement is a condition precedent to the commencement of a judicial foreclosure action (First Natl. Bank of Chicago v Silver, 73 AD3d 162 [2d Dept 2010]). The reasoning applies with equal force to the UCC 9-611 (f) notice (see Matthews v Matthews, 240 NY 28, 35 [1925] [“(s)imilar statutes enacted for the purpose of avoiding similar evils and affording similar remedies should have uniformity of application and of construction”]). The language chosen by the legislature, regarding the secured party’s obligation to provide the notice, is “shall.”
The court, therefore, concludes that BOA may not proceed with the sale until such time as it complies with the applicable notice provisions of the UCC. Consequently, the motion to stay the sale of the apartment is granted until such time as BOA serves new notices that comply with the provisions of UCC article 9, including UCC 9-611 (f).
Collaterally the court rejects the argument that sale, as a matter of law, cannot be commercially reasonable, because the value of collateral exceeds the amount needed to cure the default. Even were this claim factually accurate, there is no legal basis for this argument.
The court, however, denies that part of the motion seeking to compel defendant to render an expedited decision upon plaintiff’s application for a loan modification. It is unclear whether plaintiffs are seeking to compel a decision or a particular decision on the application filed on July 1, 2010. In either event, the relief is not available.
On March 4, 2009, President Obama announced the Making Home Affordable plan (MHA), as part of the Emergency Economic Stabilization Act of 2008 (see Simmons v Countrywide Home Loans, Inc., 2010 WL 2635220, *1 n 1, 2010 US Dist LEXIS 65031, *2-3 n 1 [SD Cal 2010]). HAMP is a component of MHA created to encourage mortgage loan servicers to modify the terms of existing mortgages to avoid foreclosure (US Department of the Treasury, Homeowner Affordability and Stability Plan Executive Summary, with accompanying documents, Feb. *907 18, 2009, available at http://www.treasury.gov/press-center/pressreleases/Pages/tg33.aspx). In general, HAMP has not been held to create a private right of action by a homeowner. (See e.g. Phu Van Nguyen v BAC Home Loan Servs., LP, 2010 WL 3894986, *4, 2010 US Dist LEXIS 105704, *13 [ED Cal 2010] [listing cases in which “numerous courts have . . . concluded that mortgage loan borrowers do not have standing as 'intended beneficiaries’ of HAMP (servicer participation agreements)”]; Hernandez v HomEq Servicing, 2010 WL 5059673, 2010 US Dist LEXIS 128327 [ED Cal 2010] [no private right of action conferred under HAMP].)
Plaintiffs otherwise do not cite to the law or their contract documents to provide support for the contention that this court may, under the law, order the modification of the terms of the loan or Security Agreement in the manner in which they desire. In addition, the Stipulation does not require that BOA modify the loan, but simply that BOA forestall the foreclosure sale. Plaintiffs’ motion to amend the caption to “include Countrywide Bank N.A., successor in interest to Bank of America” is denied as unnecessary. BOA’s counsel represents that BOA is the successor by merger to Countrywide Home Loans, Inc., and Countrywide Bank, N.A. Plaintiffs do not state a basis for their application for attorneys’ fees, and their request for such fees is denied. Similarly, plaintiffs’ request for costs is also denied as they have not demonstrated entitlement to same on this record (CPLR 8106).
Conclusion
Accordingly, it is ordered that plaintiffs’ motion is granted only to the extent that the sale is stayed until such time that defendant otherwise serves new notices that otherwise comply with the requirements of UCC article 9; and it is further ordered that plaintiffs’ motion to amend the caption is denied; and it is further ordered that plaintiffs’ motion to compel a determination on the loan modification agreement is denied; and it is further ordered that plaintiffs’ motion for legal fees and costs is denied; and it is further ordered that any requested relief not otherwise expressly granted herein is denied.

. BOA’s submissions reflect that plaintiffs originally executed the Security Agreement with GFI Mortgage Bankers, Inc. in 2005. The note and Security Agreement were assigned to Countrywide Bank, N.A. Counsel for Bank of America, N.A. avers that Countrywide Bank, N.A. is now known as Bank of America, N.A., referred to here as BOA for convenience.

. BOA indicates that it accepted plaintiffs’ modification application. Plaintiffs submit a copy of an application entitled “Making Home Affordable Program Request for Modification and Affidavit (RMA)” of the “Making Home Affordable.gov” program dated July 1, 2010 (see plaintiffs’ moving aff, exhibit G).

. BOA submits a copy of the note and the Security Agreement. The Security Agreement reflects that both plaintiffs executed it, provides for the pledge of the co-op shares to secure the note’s payment and, in the event of default, for the sale of the shares at public or private sale upon seven days’ written notice of the sale to the borrower (defendant’s opposition aff, exhibit B at 2).

. The affidavit is made by an employee for the attorneys of HSBC Mortgage Corp.

. For convenience, “lender” is used here to describe a secured party.

. To the extent that plaintiffs complain that SS had not received a notice of the sale, the affidavit of service for the July 27, 2010 notice of sale reflects service on SS. Plaintiffs also do not identify any creditor who was not notified.