◼ WESTCHESTER MEDICAL CENTER, as Assignee of Robert Hostetter, Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [917 NYS2d 275]—

In an action to recover no-fault medical payments under an insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated August 3, 2010, which denied its motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the complaint is granted, and the defendant's cross motion for summary judgment dismissing the complaint is denied.

The plaintiff made a prima facie showing that it was entitled to judgment as a matter of law on its complaint to recover no-fault insurance medical payments by submitting evidence that the prescribed statutory billing form had been mailed and received by the defendant and that the defendant had failed to either pay or deny the claim within the requisite 30-day period (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.5; *Westchester Med. Ctr. v Lincoln Gen. Ins. Co.*, 60 AD3d 1045, 1045-1046 [2009]; *Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 51 AD3d 1014, 1017 [2008]; *New York & Presbyt. Hosp. v Selective Ins. Co. of Am.*, 43 AD3d 1019, 1020 [2007]).

In opposition to the plaintiff's motion, the defendant failed to raise a triable issue of fact as to whether it timely denied the plaintiff's claim. The defendant's denial of claim form NF-10 dated December 18, 2009, was fatally defective because it omitted several material items of information (*see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co.*, 50 AD3d 1123, 1124 [2008]; *Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d 564, 565 [2005]; *Nyack Hosp. v State Farm Mut. Auto. Ins. Co.*, 11 AD3d 664, 665 [2004]). The defendant also failed to submit sufficient evidence that it mailed the second denial of

claim form NF-10 bearing the date December 31, 2009, to establish compliance with the 30-day period (*see Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d 564 [2005]; *Hospital for Joint Diseases v Nationwide Mut. Ins. Co.*, 284 AD2d 374, 375 [2001]). Thus, the defendant also failed to make a prima facie showing that it timely denied the claim in support of its cross motion for summary judgment dismissing the complaint.

Failure to establish timely denial of the claim results in preclusion of the defense that the intoxication of the insured was a contributing cause of the accident and subject to exclusion under the policy (*see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 286 [1997]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint and should have denied the defendant's cross motion for summary judgment dismissing the complaint. Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.