■ NYU HOSPITAL FOR JOINT DISEASES, as Assignee of Racquel Uviles, Respondent, v COUNTRY WIDE INSURANCE COMPANY, Appellant. [925 NYS2d 89]—

In an action to recover no-fault benefits under an insurance contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Lally, J.), entered May 20, 2010, which, upon an order of the same court entered May 7, 2010, granting the plaintiff's motion for summary judgment and denying its cross motion for summary judgment dismissing the complaint, is in favor of the plaintiff and against it in the total sum of $22,446.23.

Ordered that the judgment is affirmed, with costs.

The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting, among other things, the requisite billing forms, an affidavit from its third-party biller, the certified mail receipt, and the signed return-receipt card

referencing the patient and the forms, which demonstrated that the plaintiff mailed the necessary billing documents to the defendant, that the defendant received them, and that the payment of no-fault benefits was overdue (*see New York Hosp. Med. Ctr. of Queens v Country Wide Ins. Co.*, 82 AD3d 723 [2011]; *Hospital for Joint Diseases v New York Cent. Mut. Fire Ins. Co.*, 44 AD3d 903, 904 [2007]; *Westchester Med. Ctr. v Safeco Ins. Co. of Am.*, 40 AD3d 984 [2007]; *New York Univ. Hosp. Rusk Inst. v Government Empls. Ins. Co.*, 39 AD3d 832 [2007]). In opposition, the defendant failed to raise a triable issue of fact as to whether it timely and effectively denied the plaintiff's claim (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "A proper denial of claim must include the information called for in the prescribed denial of claim form" (*Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d 564, 565 [2005]; *see* 11 NYCRR 65-3.4 [c] [11]; *Nyack Hosp. v State Farm Mut. Auto. Ins. Co.*, 11 AD3d 664, 664 [2004]). Here, even assuming that the denial of claim form issued by the defendant was timely and was properly mailed to the plaintiff, the form "was fatally defective in that it omitted numerous items of requested information, and thus was incomplete" (*Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d at 565; *see Westchester Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 81 AD3d 929 [2011]; *compare St. Barnabas Hosp. v Penrac, Inc.*, 79 AD3d 733 [2010]). The denial also incorrectly listed Raquel Uviles as the applicant for benefits instead of the plaintiff (*see St. Vincent's Hosp. & Med. Ctr. v New Jersey Mfrs. Ins. Co.*, 82 AD3d 871 [2011]; *see also Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d at 565). Accordingly, even if the denial was timely mailed, it was fatally defective (*see St. Vincent's Hosp. & Med. Ctr. v New Jersey Mfrs. Ins. Co.*, 82 AD3d at 871; *Westchester Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 81 AD3d at 929; *Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d at 565).

For the same reasons, the defendant, in support of its cross motion for summary judgment dismissing the complaint, failed to make a prima facie showing that it timely denied the claim.

The defendant's contention that the action should be dismissed as premature is improperly raised for the first time on appeal, and therefore is not properly before this Court (*see Matter of Panetta v Carroll*, 62 AD3d 1010 [2009]; *KPSD Mineola, Inc. v Jahn*, 57 AD3d 853, 854 [2008]). Contrary to the defendant's contention, it does not present a pure question of law appearing on the face of the record which could not have been avoided if raised at the proper juncture (*see Matter of Panetta v Carroll*, 62 AD3d at 1010; *KPSD Mineola, Inc. v Jahn*, 57 AD3d

at 854). Accordingly, this argument may not be reached for the first time on appeal.

The parties' remaining contentions are without merit or need not be reached in light of our determination. Covello, J.P., Eng, Chambers and Miller, JJ., concur.