■ NYACK HOSPITAL, as Assignee of Rochelle Ferguson, et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent. [923 NYS2d 890]—

In an action to recover no-fault medical payments under an insurance contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered December 29, 2010, as denied that branch of their motion which was for summary judgment on the first cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the first cause of action is granted.

The plaintiffs made a prima facie showing that the plaintiff Nyack Hospital, as assignee of Rochelle Ferguson, was entitled to judgment as a matter of law on its cause of action to recover no-fault insurance medical payments by submitting evidence that the prescribed statutory billing form had been mailed and received by the defendant and that the defendant had failed to either pay or deny the claim within the requisite 30-day period (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.5; *Westchester Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 81 AD3d 929 [2011]; *Westchester Med. Ctr. v Lincoln Gen. Ins. Co.*, 60 AD3d 1045, 1045-1046 [2009]).

In opposition to the motion, the defendant failed to raise a triable issue of fact. The defendant acknowledged that it failed to timely deny that claim, but contended that it raised a triable issue of fact by submitting evidence which indicates that

Ferguson intentionally caused her injury in an attempt to commit suicide. However, the failure to establish timely denial of the claim results in the preclusion of the defense that Ferguson's allegedly intentional act was the cause of the accident and subject to exclusion under the insurance contract (*see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 286 [1997]; *Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195 [1997]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action.

In light of our determination, we need not address the plaintiffs' remaining contention. Mastro, J.P., Leventhal, Austin and Cohen, JJ., concur.