■ William J. Carlin, Jr., Respondent, v Hereford Insurance Company, Appellant. [5 NYS3d 171]—

In an action to recover no-fault benefits under a policy of automobile insurance, the defendant appeals from a judgment of the Supreme Court, Putnam County (Nicolai, J.), entered August 16, 2010, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $210,587.30, comprising $72,000 in principal arrears and $138,587.30 in ac-

crued compound interest. Justice Rivera has been substituted for former Justice Angiolillo, Justice Skelos has been substituted for former Justice Belen, and Justice Dillon has been substituted for former Justice Lott (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff compound interest in the sum of $138,587.30; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings in accordance herewith, and the entry of an appropriate amended judgment thereafter.

On August 9, 2004, Sharon Heidei, also known as Sharon Rollman (hereinafter the decedent) was injured in an automobile accident. On November 13, 2004, the decedent filed a claim with the defendant, Hereford Insurance Company, to recover for basic economic loss and additional personal injury protection benefits. The defendant thereafter disclaimed coverage. On October 17, 2008, the decedent commenced this action, seeking to recover those benefits. On August 16, 2010, after a nonjury trial, the Supreme Court entered a judgment in favor of the decedent and against the defendant. The defendant appeals.

On October 28, 2011, approximately one month after oral argument on this appeal was heard, the decedent died, and the matter was stayed by operation of CPLR 1021, pending substitution of the decedent's personal representative. In 2012, the defendant petitioned the Surrogate's Court, Putnam County, to appoint an administrator of the decedent's estate. On July 9, 2014, the Surrogate's Court granted the defendant's petition, and appointed Putnam County Commissioner of Finance William J. Carlin, Jr., as the administrator of the decedent's estate. By decision and order dated November 21, 2014, this Court granted the defendant's motion to substitute Carlin as the respondent in place of the decedent, and lifted the stay. Pursuant to the terms of that order, the appeal was subsequently deemed to have been submitted on the original briefs.

Since three of the four justices who heard oral argument were no longer on the bench when the stay was lifted, three other justices of this Court have been substituted for them (*see* 22 NYCRR 670.1 [c]).

In connection with policies of automobile insurance, Insurance Law § 5102 (d) defines "basic economic loss" as up to $50,000 per person for combined expenses incurred by a covered person as a consequence of an automobile accident for

medical, hospital, surgical, dental, and similar charges, loss of earnings, and other reasonable and necessary expenses. Insurance Law § 5103 (a) mandates that all automobile insurance policies written in New York provide for such coverage, commonly known as no-fault coverage. The defendant's contention that, in light of the nature of the underlying accident, the plaintiff was not a covered person under the no-fault provisions of the subject automobile insurance policy is not properly before this Court, since the defendant is raising it for the first time on appeal (*see NYU Hosp. for Joint Diseases v Country Wide Ins. Co.*, 84 AD3d 1043 [2011]; *KPSD Mineola, Inc. v Jahn*, 57 AD3d 853 [2008]; *Triantafillopoulos v Sala Corp.*, 39 AD3d 740 [2007]). Moreover, this defense does not raise a pure question of law apparent on the face of the record that could not have been avoided if raised at the proper juncture (*see NYU Hosp. for Joint Diseases v Country Wide Ins. Co.*, 84 AD3d 1043 [2011]; *KPSD Mineola, Inc. v Jahn*, 57 AD3d 853 [2008]; *Triantafillopoulos v Sala Corp.*, 39 AD3d 740 [2007]). Accordingly, we do not disturb so much of the judgment as, in effect, awarded the plaintiff $50,000 in unpaid basic no-fault benefits.

The automobile insurance policy issued by the defendant also provided optional additional personal injury protection, with limits of $150,000, for covered persons who sustained extended economic loss as a consequence of an automobile accident. This coverage is commonly known as excess no-fault coverage. The defendant failed to preserve for appellate review its contention that the plaintiff was ineligible for coverage under the additional personal injury protection provisions of the subject policy since, at trial, it made no reference to the governing insurance regulations, nor did it request that the Supreme Court take judicial notice thereof (*see* CPLR 4511 [b]; *cf. Matter of Damian M.*, 41 AD3d 600 [2007]; *Matter of Olympia Victoria R.*, 261 AD2d 191 [1999]). The defendant's contention on appeal that the plaintiff was ineligible for excess no-fault coverage does not raise a pure question of law that could not have been avoided if raised at the proper juncture (*see NYU Hosp. for Joint Diseases v Country Wide Ins. Co.*, 84 AD3d 1043 [2011]; *KPSD Mineola, Inc. v Jahn*, 57 AD3d 853 [2008]; *Triantafillopoulos v Sala Corp.*, 39 AD3d 740 [2007]; *cf. Block v Magee*, 146 AD2d 730, 732-733 [1989]). Accordingly, we do not disturb so much of the judgment as, in effect, awarded the plaintiff $22,000 in unpaid excess no-fault benefits.

Although the defendant also failed to raise before the Supreme Court its contention that the court erred in applying compound interest accruing at 2% per month to the unpaid no-

fault benefits (*see* CPLR 4017; *cf. Corsi v Town of Bedford*, 58 AD3d 225, 228 [2008]), we review this issue on appeal because it presents a pure question of law that could not have been avoided if brought to the Supreme Court's attention at the proper juncture (*see Mount Sinai Hosp. v Country Wide Ins. Co.*, 81 AD3d 700, 701 [2011]; *Block v Magee*, 146 AD2d at 732-733). The Supreme Court erred in awarding compound interest, since the pertinent New York insurance regulations provide for the accrual of simple interest on improperly withheld no-fault benefits at a rate of 2% per month (*see* 11 NYCRR 65-3.9 [a]; Insurance Law § 5106 [a]; *Matter of Medical Socy. of State of N.Y. v Serio*, 100 NY2d 854, 871 [2003]).

Accordingly, we remit this matter to the Supreme Court, Putnam County, for the recalculation of the interest accrued on the award of the principal sum of $72,000 in unpaid no-fault benefits, by applying simple interest at the rate of 2% per month, from January 15, 2005, through July 15, 2010, and the entry of an appropriate amended judgment thereafter. Mastro, J.P., Rivera, Skelos and Dillon, JJ., concur.