■ PATRICE DACOSTA-HARRIS, Appellant, v AURORA BANK, FSB, et al., Respondents. [17 NYS3d 156]—

In an action, inter alia, for injunctive relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Goodstein, J.), dated February 13, 2013, as denied those branches of her motion which were to stay the defendants from foreclosing on her loan and selling her shares of stock in a certain residential cooperative housing corporation, and to compel the defendants to participate in a settlement conference pursuant to CPLR 3408.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In June 2007, Lehman Brothers Bank, FSB (hereinafter Lehman), issued the plaintiff a loan, secured by the plaintiff's shares of stock and the proprietary lease from the cooperative apartment in which she resided. On or about February 14, 2011, the loan servicer, the defendant Aurora Bank, FSB (hereinafter Aurora), sent the plaintiff a foreclosure notice. Thereafter, the plaintiff was informed that effective March 30, 2012, the defendant SRMOF II 2011-1 Trust (hereinafter the Trust) owned her loan, and that on May 1, 2012, the defendant Selene Finance (hereinafter Selene and together with the Trust, the Selene defendants) would become the loan servicer. Nevertheless, in September 2012, Aurora informed the plaintiff that it had scheduled a foreclosure sale for October 1, 2012. The plaintiff, by order to show cause, moved to stay the defendants from foreclosing on her loan and selling her shares of stock, arguing, inter alia, that she never received valid notice of the foreclosure sale as required by section 9-611 (f) of the Uniform Commercial Code, that Aurora should be enjoined from taking any action on her loan because it lacked standing to do so, that the defendants had not acted in good faith with regard to her numerous loan modification applications, and that any foreclosure sale must be stayed pending a mandatory settlement conference pursuant to CPLR 3408. In the order appealed from, the Supreme Court granted the plaintiff's motion only to the extent of staying any foreclosure sale pending Selene's service of a notice to the plaintiff that complies with UCC 9-611 (f), denied that branch of the plaintiff's motion which was to direct a settlement conference pursuant to CPLR 3408, and denied the remaining branches of her motion.

Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of her motion which was to stay the defendants from selling her shares of stock. The plaintiff

contended that she was entitled to a mandatory settlement conference pursuant to CPLR 3408 before Aurora sold her shares of stock. CPLR 3408 requires, in relevant part, that a court hold a mandatory settlement conference in "any residential foreclosure action involving a home loan as such term is defined in section thirteen hundred four of the real property actions and proceedings law" (CPLR 3408 [a]). RPAPL 1304 does not include, in its definition of "home loan," a loan secured by shares of stock and a proprietary lease from a corporation formed for the purpose of cooperative ownership in real estate (RPAPL 1304 [5] [a] [iii]; *cf.* Banking Law §§ 6-l [1] [e] [iv]; 6-m [1] [d] [iv]). Accordingly, because the subject loan is not a home loan within the meaning of RPAPL 1304, the plaintiff is not entitled to a mandatory settlement conference pursuant to CPLR 3408.

The plaintiff's contention that Lehman's assignment of its security interest in the collateral securing the loan to the Trust is invalid has not been considered because it was improperly raised for the first time on appeal (*see Carlin v Hereford Ins. Co.*, 125 AD3d 917, 919 [2015]; *NYU Hosp. for Joint Diseases v Country Wide Ins. Co.*, 84 AD3d 1043, 1044-1045 [2011]).

The plaintiff's remaining contentions are without merit. Leventhal, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.