In the Matter of Teresa Chase, Appellant, v Wells Fargo Bank, N.A., Respondent. [24 NYS3d 673]—

In a proceeding for injunctive relief, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Giacomo, J.), entered September 27, 2013, which, in effect, denied the petition and dismissed the proceeding.

Ordered that on the Court's own motion, the proceeding is converted to an action for injunctive relief, the order to show cause is deemed to be the summons, the petition is deemed to be the complaint and a motion for summary judgment on the complaint, and the respondent's opposition papers are deemed to be a cross motion for summary judgment dismissing the complaint (*see* CPLR 103 [c]); and it is further,

Ordered that the order and judgment is affirmed, with costs.

On January 12, 2006, the appellant, Teresa Chase, borrowed the sum of $140,000 from Washington Mutual Bank, N.A. The

loan was secured by the shares of stock allocated to the cooperative apartment where Chase resided, and her interest in the proprietary lease to that apartment. The note and security agreement executed in connection with the loan were subsequently assigned to Wells Fargo Bank, N.A. (hereinafter Wells Fargo). After unsuccessfully seeking a loan modification from Wells Fargo on the ground of financial hardship, Chase allegedly defaulted on her payment obligations under the note. By notice dated May 10, 2013, Wells Fargo informed Chase that by reason of her default on her obligations, a nonjudicial foreclosure sale of the shares and proprietary lease to her apartment would be conducted on June 10, 2013.

On June 3, 2013, Chase commenced this proceeding by filing an order to show cause and petition seeking, inter alia, to vacate the notice of sale dated May 10, 2013, to enjoin Wells Fargo from proceeding with the nonjudical sale of her shares and proprietary lease, and, in effect, to compel Wells Fargo to commence a judicial action to foreclose upon her shares and proprietary lease. In her petition, Chase alleged that the notice of sale dated May 10, 2013, should be vacated because Wells Fargo had failed to comply with UCC 9-611 (f), which requires a creditor to serve a "Help for Homeowners at Risk of Foreclosure" notice at least 90 days before a nonjudicial sale of "a residential cooperative interest used by the debtor." Chase additionally alleged that Wells Fargo should be enjoined from proceeding with a nonjudicial sale because such a sale would not be commercially reasonable in light of the declining market value of her cooperative apartment. She also demanded, in effect, that Wells Fargo be compelled to institute a judicial action to foreclose upon her shares and proprietary lease so that she could be afforded an opportunity to seek a loan modification through participation in a settlement conference pursuant to CPLR 3408. In opposition, Wells Fargo maintained that it had served Chase with a notice in compliance with UCC 9-611 (f) (1). Wells Fargo also contended that the mandatory settlement conference requirements of CPLR 3408 did not apply because an ownership interest in a cooperative apartment is an interest in personalty rather than real property. In the order and judgment appealed from, the Supreme Court, in effect, denied the petition and dismissed the proceeding.

We note that although Chase commenced this matter as a special proceeding pursuant to CPLR article 4, the relief that she seeks is cognizable only in an action at law (see CPLR 103 [b]; *Matter of Baba Makhan Shah Lobana Sikh Ctr., Inc. v Singh*, 115 AD3d 948, 949 [2014]; *Matter of Southern Queens*

*Park Assn. v Capitol Ins. Co.*, 107 AD3d 1006, 1007-1008 [2013]). Accordingly, we exercise our authority pursuant to CPLR 103 (c) to convert the proceeding into an action for injunctive relief, and we deem, inter alia, the petition to be a complaint and a motion for summary judgment on the complaint, and the opposition papers to be a cross motion for summary judgment dismissing the complaint (*see Matter of Baba Makhan Shah Lobana Sikh Ctr., Inc. v Singh*, 115 AD3d at 949; *Matter of Southern Queens Park Assn. v Capitol Ins. Co.*, 107 AD3d at 1008; *Matter of State Bank of Long Is. v Munson*, 95 AD3d 1133 [2012]).

Under the circumstances of this case, Chase failed to make a prima facie showing of her entitlement to judgment as a matter of law awarding her injunctive relief. To the extent that Chase sought to vacate the notice of sale dated May 10, 2013, on the ground that Wells Fargo failed to comply with UCC 9-611 (f), her contention is academic because the nonjudicial foreclosure sale scheduled by that notice for June 10, 2013, did not proceed. Furthermore, even if, as Chase contends, Wells Fargo failed to serve her with a notice in compliance with UCC 9-611 (f) at least 90 days prior to the sale scheduled for June 10, 2013, such a failure would not entitle her to permanent injunctive relief barring Wells Fargo from scheduling a future nonjudicial sale, provided such sale is preceded by proper notice (*see Stern-Obstfeld v Bank of Am.*, 30 Misc 3d 901, 906 [Sup Ct, NY County 2011]). We note in this regard that Wells Fargo represents in its appellate brief that it will serve Chase with a notice in compliance with UCC 9-611 (f) at least 90 days prior to rescheduling any nonjudicial foreclosure sale.

In addition, there is no statutory basis to compel Wells Fargo to institute a judicial action to foreclose upon Chase's shares and proprietary lease so as to afford her an opportunity to participate in a settlement conference pursuant to CPLR 3408. "Shares of stock issued in connection with cooperative apartments are personal property, not real property" (*Lombard v Station Sq. Inn Apts. Corp.*, 94 AD3d 717, 718 [2012]). Thus, where the pledged security for a loan consists of the shares of a cooperative apartment and its proprietary lease, it is the procedures for enforcement of a security interest set forth in UCC article 9 which apply, rather than the procedures set forth in RPAPL article 13 for the enforcement of a security interest in real property (*see LI Equity Network, LLC v Village in the Woods Owners Corp.*, 79 AD3d 26, 30 [2010]; *Fundex Capital Corp. v Reichard*, 172 AD2d 420 [1991]). Moreover, the mandatory settlement conference requirements of CPLR 3408 do not

apply to loans secured by the shares of a cooperative apartment and its proprietary lease (*see DaCosta-Harris v Aurora Bank, FSB*, 131 AD3d 1095 [2015]).

Chase is also not entitled to injunctive relief on the ground that a nonjudicial sale of the shares and proprietary lease to her apartment for the current market value would not be commercially reasonable. To the contrary, "[a] disposition of collateral is made in a commercially reasonable manner if the disposition is made . . . at the price current in any recognized market" (UCC 9-627 [b] [2]).

Accordingly, Chase is not entitled to summary judgment on her complaint, and Wells Fargo is entitled to summary judgment dismissing the complaint. Eng, P.J., Mastro, Cohen and Miller, JJ., concur.