Trio 90 LLC and Mautner-Glick Corporation, Petitioner-Landlord-Appellant, 
against
Rosa Williamson, Respondent-Tenant-Respondent.



Landlord appeals from an order of the Civil Court of the City of New York, New York County (Maria Milin, J.), dated February 8, 2016, which denied its motion for entry of a possessory judgment and warrant of eviction based upon tenant's failure to comply with a so ordered stipulation settling a holdover summary proceeding.




Per Curiam.
Order (Maria Milin, J.), dated February 8, 2016, modified to the extent of remanding the matter for a hearing consistent herewith; as modified, order affirmed, without costs.
In a so-ordered stipulation settling the underlying nuisance holdover proceeding, tenant agreed, inter alia, to refrain from permitting any "excessive noise such that it is a nuisance" during a specified probationary period. The stipulation also provided that in the event of a breach, landlord may restore the matter to the calendar and, if a "breach is proven at a hearing," landlord is entitled to a judgment of possession and warrant of eviction.
Upon landlord's timely motion to restore the matter, based on an affidavit of tenant's downstairs neighbor alleging a continuation of the excessive noise condition, Civil Court should have set the matter down for a hearing pursuant to the terms of the stipulation. "Strict enforcement of the parties' stipulation ... is warranted based upon the principle that the parties to a civil dispute are free to chart their own litigation course" (Mill Rock Plaza Assoc. v Lively, 224 AD2d 301 [1996]). Although the affidavit of the downstairs neighbor also contained some questionable allegations, the matter may not be summarily resolved without a hearing (see Pearl v 305 E. 92nd St. Corp., 175 AD2d 735 [1991]; Consolidated Rail Corp. v Industrial Scrap Processing Corp., 97 AD2d 532 [1983])
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 16, 2016