Dongyang Jiutai Clothing Co., Ltd. v Lady Emerald, Inc. (2018 NY Slip Op 00544)





Dongyang Jiutai Clothing Co., Ltd. v Lady Emerald, Inc.


2018 NY Slip Op 00544


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2015-09802
 (Index No. 705922/15)

[*1]Dongyang Jiutai Clothing Co., Ltd., respondent,
v
Lady Emerald, Inc., et al., appellants.


Kao & Associates, P.C., Flushing, NY (H. Danny Kao of counsel), for appellants.
Law Office of Z. Tan PLLC, New York, NY (Bingchen Li of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered August 24, 2015. The order denied the defendants' motion to compel arbitration and to stay all proceedings in the action pending arbitration.
ORDERED that the order is affirmed, with costs.
The plaintiff, a Chinese corporation with its principal place of business in China, and the corporate defendant Lady Emerald, Inc. (hereinafter Lady Emerald), a corporation with its principal place of business in the United States, entered into a sales contract in June 2014, whereby they agreed that the plaintiff would deliver certain clothing for a total purchase price of $1,227,672. The contract was written in Chinese and portions were in written in English that was unintelligible. The plaintiff subsequently commenced this action, inter alia, to recover damages for breach of contract against, among others, Lady Emerald, alleging that it had delivered clothing pursuant to the contract but that Lady Emerald had not made the corresponding payments. In lieu of answering, the defendants moved to compel arbitration and stay all proceedings in the action pursuant to an arbitration provision in the contract. The plaintiff opposed the motion. The parties agreed that the contract terms written in Chinese governed, but submitted differing English translations of those terms. The Supreme Court denied the defendants' motion, concluding that the scope of the arbitration clause was equivocal and that the defendants failed to demonstrate otherwise. The defendants appeal.
For the first time on appeal, the defendants contend that the underlying dispute is governed by the Federal Arbitration Act (9 USC § 1 et seq.) and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 USC § 201 et seq.), and that, under that framework, any ambiguity in the scope of the arbitration clause should be resolved in favor of arbitration. Contrary to the defendants' contention, this argument does not present a pure question of law appearing on the face of the record which could not have been avoided if raised at the proper juncture and, therefore, is improperly raised for the first time on appeal (see Bingham v New York City Tr. Auth., 99 NY2d 355, 359; R & B Design Concepts, Inc. v Wenger Constrn. Co., Inc., 153 [*2]AD3d 864, 864; KPSD Mineola, Inc. v Jahn, 57 AD3d 853, 854).
The defendants' remaining contentions are similarly not properly before this Court, or are without merit.
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court