Matter of Houston v Board of Mgrs. Deer Run Condominium Assn. (2018 NY Slip Op 04724)





Matter of Houston v Board of Mgrs. Deer Run Condominium Assn.


2018 NY Slip Op 04724


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2015-11704
 (Index No. 4449/15)

[*1]In the Matter of Leonard W. Houston, appellant,
v
Board of Managers Deer Run Condominium Association, etc., respondent.


Leonard W. Houston, Middletown, NY, appellant pro se.
Kalter, Kaplan, Zeiger & Forman, Woodbourne, NY (Terry S. Forman of counsel), for respondent.



DECISION & ORDER
In a proceeding for injunctive and declaratory relief, the petitioner appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated October 27, 2015. The order denied the petitioner's motion to enforce a stipulation of settlement dated July 17, 2015.
ORDERED that on the Court's own motion, the proceeding is converted to an action for injunctive and declaratory relief, the notice of petition is deemed to be the summons, and the petition is deemed to be the complaint (see CPLR 103[c]); and it is further,
ORDERED that the order is affirmed, with costs.
Leonard W. Houston is the owner of a condominium unit in a complex governed by the respondent, Board of Managers Deer Run Condominium Association (hereinafter the Board). In June 2015, Leonard W. Houston commenced this proceeding seeking, inter alia, an injunction directing the Board to make certain repairs. The parties entered into a stipulation of settlement dated July 17, 2015, which was so-ordered by the Supreme Court. The stipulation provided, inter alia, that the Board was to have Houston's driveway repaved, and that the work would "be performed in a workman like manner and in accordance with standard practices." Thereafter, Houston moved to enforce the stipulation with respect to the directive to repave the driveway, asserting that, while the driveway was repaved by nonparty Mead Seal Coating & Parking Lot Maintenance, Inc. (hereinafter [*2]Mead Seal), the repaving work was not performed in a "workman like manner and in accordance with standard practices." In an order dated October 27, 2015, the court denied Houston's motion. Houston appeals.
We note that although Houston commenced this matter as a special proceeding, the relief that he sought is cognizable only in an action (see CPLR 103[b]; Matter of Chase v Wells Fargo Bank, N.A., 135 AD3d 751, 752). Accordingly, we exercise our authority pursuant to CPLR 103(c) to convert the proceeding into an action for injunctive and declaratory relief, and we deem the notice of petition to be the summons and the petition to be the complaint (see Matter of Chase v Wells Fargo Bank, N.A., 135 AD3d at 753; Matter of Calvaruso v Hunter Ambulette-Ambulance, Inc., 89 AD3d 841).
However, we agree with the Supreme Court's denial of Houston's motion to enforce the stipulation of settlement without conducting a hearing to assess whether the repaving work was adequately performed. In an affidavit, Chad Mead of Mead Seal averred that Houston was instructed to refrain from parking on the driveway for 48 to 72 hours after the repaving and to alternate the location where he parked his vehicle until the new asphalt "fully cured." Mead further averred that the "displacement" observed in the driveway after the paving was attributable to Houston's failure to follow these instructions. Houston neither disputed the assertions nor offered any evidence to support his claim that the repaving was not properly performed in accordance with standard practices. Consequently, there is no conflicting evidence in the record to warrant a hearing (cf. Boyd v Town of N. Elba, 28 AD3d 929, 931; Consolidated Rail Corp. v Industrial Scrap Processing Corp., 97 AD2d 532).
Houston's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court