| |
|---|
| **Ligh v CitiMortgage, Inc.** |
| 2025 NY Slip Op 31088(U) |
| April 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150144/2025 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**                          PART                11M
                                                    *Justice*

-------------------------------------------------------------------------------X

PETER LIGH                                        INDEX NO.            150144/2025

                                                  MOTION DATE          01/06/2025
                              Plaintiff,
                                                  MOTION SEQ. NO.          001
                    - v -

CITIMORTGAGE, INC.,                               **DECISION + ORDER ON**
                                                  **MOTION**
                              Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20

were read on this motion to/for         INJUNCTION/RESTRAINING ORDER         .

Upon the foregoing documents, plaintiff's motion is denied.

## Background

Peter Ligh ("Plaintiff") resides at apartment 6B in a co-op located at 250 West 75th Street, New York, New York. Plaintiff, along with non-party Ava Ligh, own 540 shares of stock in the co-op under the terms of the proprietary lease (the "Lease") from 2007. In 2013, Plaintiff and Ava Ligh entered into an agreement (the "Co-op Loan") with CitiMortgage, Inc. ("Defendant") whereby their shares in the co-op provided security for a loan of $920,000. Defendant alleges, and Plaintiff has not disputed, that Plaintiff has failed to repay the loan and therefore pursuant to the terms of the Co-op Loan Defendant is entitled to conduct a sale of the shares. On October 16, 2023, a notice from Defendant (the "Default Notice") was sent to Plaintiff stating that he was at risk of foreclosure. Then, according to the documents provided by Defendant, in November of 2024, a notice of sale was sent to Plaintiff (the "Sale Notice"), explaining that the loan was accelerated pursuant to the agreement and a sale date had been scheduled. Plaintiff alleges that only Ava Ligh received a notice. According to the sworn

affidavit of service for the Sale Notice, Plaintiff and Ava's notices were mailed separately on the same day.

Plaintiff brought this underlying proceeding, seeking a declaratory judgment that any attempt by Defendant to terminate his Lease is void, that the Sale Notice is void for failing to comply with the 90-day notice requirement in the UCC; and that the proposed sale is not a commercially reasonable disposition of the property. Plaintiff also seeks to enjoin Defendant from going forward with the sale until there is a judicial determination of default under the Lease. The present motion was brought by Plaintiff via order to show cause and seeks a temporary restraining order restraining Defendant from selling the shares of taking any action to foreclose on the apartment or terminate the Lease. Defendant opposes the motion.

**Standard of Review**

The granting of a preliminary injunction lies in the court's discretion, and it is "an extraordinary provisional remedy which will only issue where the proponent demonstrates (1) a likelihood of success on the merits; (2) irreparable injury absent a preliminary injunction, and (3) a balance of equities tipping in its favor." *Harris v. Patients Med., P.C.*, 169 A.D.3d 433, 434 (1st Dept. 2019).

**Discussion**

Plaintiff argues that under landlord-tenant law, Defendant is unable to terminate the residential lease by selling the secured shares in the Co-op. They argue that in order to conduct a UCC foreclosure here, Defendant needs a judicial determination of a lease default. They also argue that Defendant failed to comply with the UCC notice condition precedent for a non-judicial foreclosure of a cooperative apartment. Finally, they argue that the sale would not be

150144/2025   LIGH, PETER vs. CITIMORTGAGE, INC.
Motion No.  001

Page 2 of 4

[* 2]

commercially reasonable. As the proposed sale in January has been canceled, this last argument is mooted.

### *Plaintiff Fails to Establish Likelihood of Success on the Merits*

The first prong that Plaintiff must satisfy is likelihood of success on the merits. To meet this, a "prima facie showing of a reasonable probability of success is sufficient." *Bass v. WV Preserv. Partners, LLC*, 209 A.D.3d 480, 481 (1st Dept. 2022). To begin with, Plaintiff's arguments about conditional limitations in residential leases for the nonpayment of rent are inapplicable here. The issue is whether a secured creditor can force a sale of co-op shares, not whether a landlord can enforce certain conditions in a residential lease. Defendant is not a landlord nor a party to the lease between Plaintiff and the co-op. A creditor whose loan was secured by shares in a co-op is permitted to conduct a nonjudicial foreclosure sale of the shares, so long as "proper notification of the nonjudicial sale is given at least 90 days prior to the date of the scheduled sale pursuant to UCC 9-611(f)." *Rhodes v. CitiMortgate, Inc.*, 207 A.D.3d 767, 768 (2nd Dept. 2022). Even failure to give proper notice for a sale that ends up canceled does not entitle a plaintiff to permanent injunctive relief regarding future sales (provided such sales are preceded by proper notice). *Id.*, at 769; *see also Matter of Chase v. Wells Fargo Bank, N.A.*, 135 A.D.3d 751, 753 (2nd Dept. 2016) (holding that failure to serve proper notice does not entitle a plaintiff to injunctive relief barring future nonjudicial sales provided proper notice is given for such sales).

Defendant argues that the foreclosure notice sent in October of 2023 satisfies the 90-day notice requirement of UCC 9-611(f). This provision adds extra requirements for the foreclosure of co-op shares and requires that an additional pre-disposition notice be sent to the debtor "not less than ninety days prior to the date of the disposition of the cooperative interest." Plaintiff has

[* 3]

not disputed this notice, and the wording of the notice comports with the UCC requirements.

Furthermore, as addressed above, even a failure to give proper ninety-day notice does not entitle

a plaintiff to injunctive relief barring future nonjudicial sales. Plaintiff has failed to establish a

prima facie case of reasonable likelihood of success on the merits. Accordingly, it is hereby

ADJUDGED that the motion for preliminary injunction is denied.

20250404091811LFRANK2BD41CA5DEB4B31A5D76110B415C292

| 4/3/2025 | | LYLE E. FRANK, J.S.C. |
| DATE | | |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

150144/2025   LIGH, PETER vs. CITIMORTGAGE, INC.
Motion No.  001

Page 4 of 4

4 of 4